MILWAUKEE MUTUAL INSURANCE COMPANY, Plaintiff-Appellee, *v.* JOSEPH WESSELS *et al.*, Defendants—(John Bova, Defendant-Appellant).

Second District   No. 82—384

Opinion filed May 17, 1983.

John L. Heaslip, of Clark & Heaslip, of Rockford, for appellants.

William R. Brandt, of Livingston, Barger, Brandt, Slater & Schroeder, of Bloomington, for appellee.

JUSTICE HOPF delivered the opinion of the court:

Defendant John Bova (Bova) appeals from a judgment entered after a jury trial in De Kalb County. Judgment was entered for the plaintiff, Milwaukee Mutual Insurance Company, a corporation (Milwaukee Mutual), after a finding that it was not liable under an oral insurance binder given by Bova. Bova was employed by defendant, Clemons, Shepherd & Eckols, Inc. (CS&E.) On appeal Bova contends the verdict of the jury was contrary to the manifest weight of the evidence, that it should be set aside and judgment should be entered in his favor. In the alternative, he requests that the cause be remanded for a new trial because plaintiff brought out evidence concerning insurance in the presence of the jury.

Milwaukee Mutual had an agency agreement with CS&E whereby CS&E could solicit and sell insurance contracts as agent for Milwaukee Mutual. CS&E was an independent agent for a number of such companies. Defendant, Wessels Plumbing Sales & Service Company (Wessels Plumbing), was the party who sought insurance from CS&E's agent, Bova.

In January 1977 defendant Wessels wanted to change casualty, liability and workmen's compensation carriers and spoke to Robert Fay, a broker for health and life insurance. Fay suggested John Bova, vice-president and an employee of CS&E, as a possible agent. Wessels had casualty, liability and workmen's compensation insurance with the Country Companies and gave these policies to Fay. Fay then put Wessels in direct contact with Bova, who spoke to Wessels by phone about insurance coverage, received the Country Companies' files and opened his own file. Bova spoke with Wessels on subsequent occasions about the insurance. Finally Wessels suggested that Fay give $500 to Bova. Fay paid Bova on March 3, 1977, at which time Bova stated that he "bound coverage." Bova testified that he prepared all applications on Milwaukee Mutual forms and bound coverage on identical terms as

those that Wessels had had with the Country Companies. However, Bova did not tell Fay or Wessels the name of the insurance company with which Bova intended to secure insurance.

On March 11, 1977, an employee of defendant Wessels Plumbing was involved in an auto accident in a vehicle Wessels had sought to insure. The employee and an individual in the vehicle he collided with were both killed. Bova called Milwaukee Mutual the next day and advised the company that a serious accident had occurred, that he had "bound coverage" for Wessels Plumbing on March 7, 1977, but had no policy number because no policy had been issued. The applications for insurance forms were sent to Milwaukee Mutual on March 14. They were received on March 16 and Milwaukee Mutual rejected the applications for insurance by letter dated March 19, 1977. Milwaukee Mutual filed an action for declaratory judgment, requesting a determination of its liability to insure Wessels' employee by way of an oral binder issued by Bova. Defendant's motion for summary judgment was granted. Subsequently, Milwaukee Mutual appealed to this court. On appeal we held that the trial court had improperly found there was no issue of material fact to be decided and the cause was reversed and remanded. This court stated that both parties should be given the opportunity to present evidence on the question of whether Bova and/or CS&E were acting as Milwaukee Mutual's agents in the transactions. The question was considered to be one of fact. This previous appeal was decided pursuant to Supreme Court Rule 23 (87 Ill. 2d R. 23) on September 19, 1979. 74 Ill. App. 3d 1101.

After the cause was remanded, the parties went to trial. Milwaukee Mutual agreed to settle the claims with the three victims of the accident, or their estates. Milwaukee Mutual then amended its complaint and requested indemnification from Bova and CS&E. After trial, the jury returned a verdict for Milwaukee Mutual and against Bova and CS&E in the amount of $184,000.

Bova raises 11 contentions of error in this appeal. The first argument he makes is that Milwaukee Mutual failed to establish that an agency contract existed between him and and Milwaukee Mutual. Although Bova concedes that he was an employee of CS&E, he urges that he should not be bound by the CS&E agency agreement with Milwaukee Mutual because he did not assent to that agreement. Bova contends that because there was no evidence of assent, there was no agency relationship between Milwaukee Mutual and him. Therefore, he urges the findings of the jury were contrary to the manifest weight of the evidence. We disagree.

■■ ■ There is no requirement that Bova expressly assent to a

contract in order to be bound by it. An agency relationship need not be based on an express appointment and acceptance. (*Lilly v. County of Cook* (1978), 60 Ill. App. 3d 573, 580, 377 N.E.2d 136.) Unless there is no dispute as to the parties' relationship, the existence and scope of an agency relationship are questions of fact, to be decided by the trier of fact. (*St. Ann's Home for the Aged v. Daniels* (1981), 95 Ill. App. 3d 576, 579, 420 N.E.2d 478.) Agency is a consensual, fiduciary relationship whereby the principal has the right to control the conduct of the agent, and the agent has the power to effect the legal relations of the principal. (*Slates v. International House of Pancakes, Inc.* (1980), 90 Ill. App. 3d 716, 724, 413 N.E.2d 457, 463.) The agency relationship differs from other fiduciary relationships in that it is the duty of the agent to respond to the desires of the principal. (*Slates.*) By referring to the situation occupied by the parties, and their acts, the existence and extent of an agency relationship can be shown, even if by circumstantial evidence. *Kalman v. Bertacchi* (1978), 57 Ill. App. 3d 542, 548, 373 N.E.2d 550, 556.

In the case at bar there was no evidence to suggest anything other than that Bova was acting as agent for an insurance company. At trial the whole substance of Bova's argument was that he was authorized to, and had bound an insurance contract for Milwaukee Mutual. We believe the jury's decision was well within the manifest weight of the evidence in this regard.

■ The second contention raised on appeal concerns plaintiff having elicited testimony concerning Bova's errors and omissions insurance. Bova contends that this reference to his liability insurance was prejudicial and reversible error. The reference to insurance occurred in the testimony of Robert C. Fay, who testified he was a friend of Wessels and had recommended to Wessels that John Bova could possibly get him the best rate on insurance. Later, when Fay heard that one of Wessels' vehicles had been in a serious accident, Fay called Bova to find out if he had heard about the accident. On cross-examination Fay was asked if Bova mentioned "what would be the responsibility if it were not bound?" At this point Bova's attorney objected. During a side-bar, he urged that Fay was going to respond to the question by mentioning insurance. Bova's attorney would not agree to a compromise (*i.e.*, giving a response to the question but leaving the word insurance out). The trial court ruled that the question and answer were proper because they constituted an admission against interest. The court overruled the objection. Fay then responded to the question by saying that Bova "indicated that if he was not bound, his errors and omissions insurance carrier would be—[objection and ruling

deleted] the ones who would pick up the claim, or the liability in this case."

As defendant Bova points out, it is well settled that the injection of insurance into a case is reversible error. (*Foster v. Lanciault* (1979), 70 Ill. App. 3d 962, 966, 388 N.E.2d 1140.) However, there are limitations to this principle; an example is where the subject arises as an admission of liability. *Kitsch v. Goode* (1977), 48 Ill. App. 3d 260, 362 N.E.2d 446.

In an analogous situation, where a doctor charged with malpractice was alleged to have stated he may have been at fault and that he had an insurance policy of $100,000 for malpractice, the court found such a statement to be an admission. (*Asher v. Stromberg* (1966), 78 Ill. App. 2d 267, 278, 223 N.E.2d 300.) While Bova's statement could be viewed as an admission, it would be by inference rather than because of what he stated. Bova merely indicated his own insurance would cover it if the binder he sought with Milwaukee Mutual did not. There is a substantial difference between admitting liability, as occurred in *Asher*, and simply admitting that you have insurance to cover a possible liability. Although this is a close situation, we do not believe the testimony elicited from Fay was an admission against interest. For these reasons, and because the reference to Bova's insurance was repeated by plaintiff's counsel in closing argument, we believe that allowing the reference to Bova's insurance was error.

Having found error, we next consider what prejudicial effect the reference to insurance may have had on the jury. The case at bar is different from most where reference to insurance coverage is argued. The whole of this case deals with insurance—agents, companies and contracts. Thus, it would likely come as no surprise to the jury that Bova himself had insurance. While reference to insurance during trial is generally improper, it is not *per se* reversible, as prejudice must be shown. (*Joynt v. Barnes* (1979), 71 Ill. App. 3d 187, 198, 388 N.E.2d 1298, 1306.) We believe this is important in a case such as this, which is concerned solely with matters concerning insurance. The vast majority of cases where evidence of liability insurance was considered reversible error are personal injury cases.

Recently, some cases have discussed the diminishing relevance of the rule prohibiting the mention of insurance coverage. (*American State Bank v. County of Woodford* (1977), 55 Ill. App. 3d 123, 129, 371 N.E.2d 232, *appeal denied* (1978), 71 Ill. 2d 597.) It has been noted that the mention of insurance is not quite the *bete noir* that it was a generation or more ago. *Kosch v. Monroe* (1982), 104 Ill. App. 3d 1085, 1094, 433 N.E.2d 1062, 1069.

■ Similarly, in cases where insurance coverage was discussed at trial, it has been held on appeal that where the case was not close and the verdict was not excessive, the circumstances did not warrant a new trial. (*Seyferlich v. Maxwell* (1961), 28 Ill. App. 2d 469, 479, 171 N.E.2d 806; *Pinkerton v. Oak Park National Bank* (1958), 16 Ill. App. 2d 91, 104, 147 N.E.2d 390.) Under the circumstances of the case at bar, we do not believe that the improper remarks regarding insurance were made pursuant to a design or to create prejudice. (*Kitsch v. Goode* (1977), 48 Ill. App. 3d 260, 269, 362 N.E.2d 446.) Although we do not agree with the trial court's conclusion that the reference to insurance was an admission, we do not believe the remarks were so prejudicial as to be reversible error. We do believe that the record shows a complete basis for liability and that the damage award is reasonable. Therefore, a reversal is not required. *Sheley v. Guy* (1976), 63 Ill. 2d 544, 546, 348 N.E.2d 835.

The remaining contentions raised in this appeal urge that the evidence did not support the verdict. Thus, Bova contends, the verdict of the jury was contrary to the manifest weight of the evidence.

Turning to the third issue, Bova contends CS&E was authorized, under the agency agreement, to accept business from him because he was a licensed solicitor for CS&E. Because CS&E was authorized to bind and execute contracts for Milwaukee Mutual, Bova argues, any insurance contracted for in accordance with the agency agreement would be binding upon the plaintiff. Bova contends that the evidence showed that Milwaukee Mutual should have been required to provide the insurance Bova sought. We disagree.

After the loss suffered by the proposed insured, Milwaukee Mutual rejected the claim Bova presented. The basis for that rejection was that CS&E did not have binding authority on the date of loss, because under the Key Business Guide manual, the effective date for coverage would begin five days after that loss. (Defendant's exhibit No. 8.) This evidence, which was presented to the trier of fact, defeats Bova's argument. From the evidence presented, the jury could have found the insurance was not binding because it was not contracted for in accordance with the agreement between the parties. Unless the verdict reached by the jury is unreasonable, arbitrary or not supported by the evidence, it should not be disturbed on review. (*Robinson v. Wieboldt Stores, Inc.* (1982), 104 Ill. App. 3d 1021, 433 N.E.2d 1005.) Here, there was no showing of arbitrariness or unreasonableness, and there was ample evidence presented to the jury to support the verdict.

■ In the fourth contention on appeal, Bova urges that defendant

Fay did not broker Wessels' insurance through CS&E. Fay, who was named as party defendant in the original complaint filed below, was the individual who initially referred Wessels to Bova. Bova concedes that the agreement with Milwaukee Mutual prohibited an agent from binding a risk for, or on behalf of, a broker. At trial, Milwaukee Mutual urged that Fay was acting as a broker in his dealings with Bova and Wessels. Bova urges that Fay was not a broker under the statute defining that term. Ill. Rev. Stat. 1977, ch. 73, par. 1065.37.

However, there was ample evidence presented at trial to indicate that Fay was acting as a broker. First, he is a licensed broker, albeit not in a casualty line. Also, Wessels' contract with Bova was negotiated through Fay, and Fay advanced the initial payment of premium for Wessels. Thus, the determination made by the jury was well within the manifest weight of the evidence.

■ Bova's fifth contention concerns Milwaukee Mutual's requirement that applications for insurance bear a postmark of less than 48 hours from the requested effective date. Bova presents a hypothetical situation, arguing that even if he had complied with the 48-hour rule, the applications would have arrived three to four days after the oral binders, and the loss would still have occurred prior to plaintiff's receipt of the applications. Contrary to defendant's assertion, the importance of time in insurance contracts is critical. Obviously the regulation is intended to avoid the unlikely situation where an agent backdates an oral binder, thus making an insurance company liable for a loss that actually occurred before coverage began. Whether or not this could have occurred in the case at bar, the question of whether Bova complied with the terms of the contract was a jury question—weighing evidence and resolving doubts are proper functions of the trier of fact and a court of review should defer to its judgment unless there has been an abuse of discretion. *Garrison v. Garrison* (1979), 75 Ill. App. 3d 726, 394 N.E.2d 788.

The sixth allegation of error is an extension of that just discussed. Bova contends that Milwaukee Mutual waived application of the 48-hour binding rule by making exceptions to it in the past. While there was evidence that plaintiff had waived application of the rule, the trier of fact was in a better position to evaluate the weight to be given that evidence. It had every opportunity to consider this point in reaching its verdict.

Bova's seventh contention concerns a letter from Milwaukee Mutual to CS&E. The letter set forth a new rule and required that the initials of one of the corporate officers be on all new business. Bova argues that this rule was no longer in effect at the time of the loss in

this case, or, if it was in effect, plaintiff had made exceptions to the rule by waiving its application in certain instances. The letter setting forth the initials requirement was made an exhibit in the case, and the jury had the opportunity to consider its terms. Whether the terms of the letter were complied with was a factual question. There was ample evidence to support the verdict in this regard.

Bova's eighth contention concerns another letter from Milwaukee Mutual to CS&E, this one concerning "over the road truck business." This letter was apparently intended to prohibit new truck business. Bova concedes that he heard a discussion of the contents of the letter, but argues he should not be bound by it because he was not in the truck line. Nonetheless, even if it is assumed that this is a relevant issue of the case, it was clearly a jury consideration. The jury had a full opportunity to consider if Bova was prejudiced by the letter or exhibits.

Bova's ninth contention is an extension of the argument that Milwaukee Mutual waived any limitations of authority to bind commercial auto by accepting certain applications that included commercial auto. (Defendant's exhibits Nos. 6 and 15.) Apparently Bova's argument is that plaintiff had made exceptions to its rule on new commercial auto—so this case should be an exception as well. Again, this was a factual dispute for the trier of fact. It should not be disturbed on appeal unless the verdict was not supported by the evidence. We defer to the decision reached by the trier of fact.

The tenth contention on appeal concerns another factual issue. The Key Business Guide requested that agents not bind coverage when the applicant has had a prior cancellation. In the case at bar Wessels had not paid the premiums for his prior casualty policies. Bova assumed that Wessels' policy had lapsed for nonpayment but did not consider this to be a cancellation as defined in the Key Business Guide. Bova urges that a lapsed policy is not a cancelled policy. This is a factual question. A court of review is "not warranted in reversing the holding of the trial court where the decision rests upon a disputed question of fact unless that decision is contrary to the manifest weight of the evidence." *State Farm Mutual Automobile Insurance Co. v. Hanson* (1972), 7 Ill. App. 3d 678, 681, 288 N.E.2d 523.

Bova's 11th and final argument is that plaintiff would have issued coverage if it had the opportunity to do so—and defendant's liability is controlled by whether they would have. Relying on *Country Mutual Insurance Co. v. Adams* (1980), 85 Ill. App. 3d 501, 407 N.E.2d 103, Bova argues that if the negligence of the agent does not alter the risk the insurance company was willing to take, the agent's negligence is

not the cause of the insurer's loss. However, *Country Mutual* is factually quite different from the case at bar. In *Country Mutual* the agent told the insured that his policy included and would cover a homemade trailer used in the insured's business. Subsequently a loss occurred which involved the trailer. The question of whether the insurer would have accepted the additional risk of the trailer was viewed as a proper consideration of the jury. This is quite different from the situation here—where the issue was whether or not any policy had issued. Milwaukee Mutual never accepted a risk, so Bova cannot argue that his negligence did not alter that risk. *Country Mutual* is inapposite. The liability question was properly placed in the jury's hands.

Except for the issue concerning the reference to the errors and omissions insurance, Bova's arguments concern factual issues which, we believe, were properly presented to the jury. Our review of the record leads us to conclude that the jury's verdict was within the manifest weight of the evidence.

For the reasons stated, the judgment of the circuit court of De Kalb County is affirmed.

Affirmed.

SEIDENFELD, P.J., and NASH, J., concur.