PHIL STEFANI *et al.*, Plaintiffs-Appellants, v. BAIRD & WARNER, INC., Defendant-Appellee.

First District (5th Division) No. 85—2773

Opinion filed June 12, 1987

John J. Lag, of Chicago, for appellants.

Beermann, Swerdlove, Woloshin, Barezky & Berkson, of Chicago (Alvin R. Becker and Steven P. Garmisa, of counsel), for appellee.

JUSTICE MURRAY delivered the opinion of the court:

Plaintiffs, Phil and Karen Stefani, appeal from a final order of the circuit court of Cook County dismissing their second amended complaint against defendant, Baird & Warner, Inc., a real estate broker, pursuant to defendant's section 2—615 motion (Ill. Rev. Stat. 1983, ch. 110, par. 2—615).

Plaintiffs' second amended complaint, which contained four counts, alleged that in 1983 plaintiffs contacted Jennifer Sisto, an employee of defendant, to assist them in finding a suitable residence to purchase. Defendant, through Sisto, allegedly orally agreed to act as plaintiffs' agent and was to receive a commission from the seller as consideration for its representation of plaintiffs.

In February 1984, Sisto arranged for plaintiffs to inspect a residence located in Chicago and owned by Aldona Harris. Prior to that time, Harris had executed an exclusive listing agreement with Heritage Realty for the period of January 3, 1984, through March 3, 1984.

On February 18, Sisto prepared a real estate purchase offer on behalf of plaintiffs, which they executed and submitted to Harris for acceptance. Thereafter, a number of counteroffers were exchanged between the parties from February 18 to April 19. While the negotiations continued, defendant, through another one of its employees, contacted Carlos and Mary Jane Fernandez with respect to purchasing the Harris property. The Fernandezes subsequently offered a higher

purchase price for the Harris property than the one offered by plaintiffs, and defendant submitted the offer to Harris on behalf of the Fernandezes.

On April 19, defendant received a listing of the real estate from Harris. On the same day, a contract of sale was entered into between Harris and the Fernandezes for the purchase of the involved residence, and the transaction subsequently closed. As a result of defendant's representation of the Fernandezes, it received a commission from Harris in connection with the sale of her property, as well as a commission from the Fernandezes relating to the sale of their former residence. Plaintiffs were never advised of defendant's representation of the Fernandezes or of their offer to purchase the Harris property.

On April 27, plaintiffs filed an action for specific performance against Harris and defendant. Summary judgment was entered thereafter in favor of Harris and against plaintiffs. Plaintiffs were granted leave to file an amended complaint, they did so, and, upon defendant's motion, the amended complaint was stricken on March 15, 1985.

On April 17, 1985, plaintiffs filed their second amended, four-count complaint against defendant. Count I alleged that defendant breached its fiduciary duty of disclosure owed by defendant to plaintiffs based on an alleged principal-agent relationship. Count II charged defendant with violation of certain provisions of the Real Estate License Act of 1983 (Ill. Rev. Stat. 1983, ch. 111, pars. 5818(e)(1), (e)(3), (e)(5), (e)(15), (e)(18)) and Rule V(A) of the Department of Registration and Education enacted pursuant to the Real Estate License Act. Count III alleged a violation of section 2 of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1983, ch. 121½, par. 262) and a violation of section 2 of the Uniform Deceptive Trade Practices Act (Ill. Rev. Stat. 1983, ch. 121½, par. 312). Count IV claimed a tortious interference with a prospective business advantage.

On June 13, 1985, the trial court granted defendant's motion to strike all four counts of plaintiffs' second amended complaint for failure to state a cause of action, pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—615), and entered its order striking same. Thereafter, plaintiffs indicated their election to stand on their second amended complaint. On August 21, 1985, the trial court entered its final order dismissing plaintiffs' cause of action against defendant, and this appeal followed.

■■ ■ For purposes of ruling on a motion to dismiss, all well-pleaded facts contained in a complaint must be taken as true and all inferences therefrom must be drawn in favor of the nonmovant. (*Palatine National Bank v. Charles W. Greengard Associates, Inc.* (1983),

119 Ill. App. 3d 376, 456 N.E.2d 635.) A complaint should not be dismissed for failure to state a cause of action unless it clearly appears that no set of facts could be proved under the pleadings entitling a plaintiff to relief. 119 Ill. App. 3d 376, 456 N.E.2d 635.

In the instant case, plaintiffs argue that count I of their second amended complaint stated a cause of action against defendant for breach of its fiduciary duties owed to them based upon a principal-agent relationship between the parties. Defendant argues that no agency relationship existed between it and plaintiffs and, instead, that it was a subagent of Heritage, the listing broker, and it owed a fiduciary duty to the seller, not plaintiffs.

■■■ It is well established that the existence and extent of an agency relationship may be established by circumstantial evidence based upon an examination of the situation of the parties, their acts, and other relevant circumstances (*St. Ann's Home for the Aged v. Daniels* (1981), 95 Ill. App. 3d 576, 420 N.E.2d 478); an agency relationship need not be based on an express appointment and acceptance (*Lilly v. County of Cook* (1978), 60 Ill. App. 3d 573, 377 N.E.2d 136). "Agency is a consensual, fiduciary relationship whereby the principal has the right to control the conduct of the agent, and the agent has the power to effect the legal relations of the principal." (*Milwaukee Mutual Insurance Co. v. Wessels* (1983), 114 Ill. App. 3d 746, 749, 449 N.E.2d 897.) A *prima facie* case of agency can be created by inference or presumption and, unless the parties' relationship is so clear as to be undisputed, the existence and scope of an agency relationship are questions of fact to be determined by the trier of fact. *St. Ann's Home for the Aged v. Daniels* (1981), 95 Ill. App. 3d 576, 420 N.E.2d 478.

■■■ We further observe that although under the law of agency a real estate broker generally cannot be the agent of both the buyer and seller, the law excepts those cases where a broker's dual agency is disclosed to the buyer and seller, and the broker acts with the consent of each of the parties. (*Cole v. Brundage* (1976), 36 Ill. App. 3d 782, 344 N.E.2d 583.) We also note that notwithstanding the fact that a real estate broker is generally viewed as an agent of the seller of property (see *Arthur Rubloff & Co. v. Drovers National Bank* (1980), 80 Ill. App. 3d 867, 400 N.E.2d 614), Illinois courts have held that "[i]f a buyer requests a broker's assistance in obtaining a *particular piece of property*, the broker may be held to be the buyer's agent for that transaction, even though the broker is paid nothing by the buyer and it is expected that he will receive a fee from the seller." (Emphasis added.) (*Duffy v. Setchell* (1976), 38 Ill. App. 3d 146, 149, 347

N.E.2d 218; see also *Lerk v. McCabe* (1932), 349 Ill. 348, 182 N.E. 388; *Spindler v. Krieger* (1958), 16 Ill. App. 2d 131, 147 N.E.2d 457; *Hyman v. Burmeister* (1919), 216 Ill. App. 98.) Under such circumstances, an agent in the exercise of good faith is bound to keep his principal informed on all matters that may come to his knowledge pertaining to the subject matter of the agency. (*Lerk v. McCabe* (1932), 349 Ill. 348, 182 N.E. 388.) "An agent must not put himself, during the continuance of his agency, in a position adverse to that of his principal." 349 Ill. 348, 361, 182 N.E. 388; see also *A. T. Kearney, Inc. v. INCA International, Inc.* (1985), 132 Ill. App. 3d 655, 477 N.E.2d 1326.

 In the instant case, plaintiffs claimed in count I of their second amended complaint that they contacted Jennifer Sisto, a licensed real estate salesperson employed by defendant Baird & Warner, to represent them in the purchase of a residence; "that Baird, through Sisto, held themselves out and represented to Plaintiffs that they were the agent of the Plaintiffs for purposes of purchasing a residence"; that "the understanding and agreement of the parties was that the defendant, Baird & Warner, Inc., was to receive consideration for said agency from the seller of the property that the purchasers purchased"; and that Sisto arranged for the inspection of the Harris property for the purpose of procuring a purchase offer from the plaintiffs, she prepared a real estate sale contract for the property which plaintiffs executed, she submitted plaintiffs' offer to purchase the property to Heritage Realty, she transmitted to plaintiffs and Harris (through Heritage) their respective counteroffers concerning the sale price of the property and the date of acceptance of the offer, and she conducted other negotiations on behalf of plaintiffs continually through April 19, 1984. Plaintiffs further claimed defendant breached its agency relationship by soliciting and representing the Fernandezes in the sale of the Harris property while negotiations were still being conducted between plaintiffs and Harris, and by failing to disclose that the Fernandezes were interested in the property and had submitted a higher purchase price offer to Harris than the one submitted by plaintiffs.

Although, as defendant argues, plaintiffs did not initially contact Sisto to purchase a *particular piece of property* on their behalf, we believe that a question of fact existed as to whether Sisto's later representation of plaintiffs, once they made an offer to purchase the Harris property, and her participation in the ensuing negotiations between plaintiffs and Harris rose to the level of employment of defendant as an agent, during that time, *to purchase a particular piece of*

*property, i.e.,* the Harris property. If an agency relationship existed at that time and continued until the sale of the property to the Fernandezes, defendant's undisclosed representation of the Fernandezes would be a breach of its fiduciary duty to plaintiffs because defendant would have placed itself in a position adverse to that of plaintiffs.

Accordingly, since all well-pleaded facts must be taken as true, and plaintiffs "understood" defendant was acting as their agent, defendant actively responded to the desires of plaintiffs during the negotiations for the purchase of the Harris property, defendant was under plaintiffs' control to effect their legal relations with Harris for the purchase pursuant to defendant's submission of plaintiffs' offer and counteroffers, and defendant was to be paid a commission by Harris as consideration for representing plaintiffs, we find that plaintiffs stated a *prima facie* agency relationship. In light of the foregoing, we therefore hold that the trial court erroneously dismissed count I of plaintiffs' complaint for failure to state a cause of action.

■■■ With respect to this issue, we also briefly note that we do not address a number of arguments raised by defendant in its appellate brief as affirmative defenses. On appeal from an order dismissing an action pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par 2—615), this court, like the trial court, may consider only the allegations contained in the complaint; we may not consider affidavits or other facts, such as affirmative defenses.[1] *MBL Corp. v. Diekman* (1985), 137 Ill. App. 3d 238, 484 N.E.2d 371.

With respect to the trial court's dismissal of count II of plaintiffs' second amended complaint, we affirm its judgment. In count II, plaintiffs alleged that defendant's action violated certain provisions of the Real Estate License Act of 1983 (Ill. Rev. Stat. 1983, ch. 111, par. 5801 *et seq.*) and Rule V(A) of the Department of Registration and Education. Specifically, plaintiffs rely on the provisions of section 18(e) of the Act, which empowers the Department of Registration and

---

[1]For example, defendant argues that even if an agency relationship existed between the parties, that relationship was terminated upon plaintiffs' and their attorney's individual negotiation efforts conducted directly between themselves, Harris, and her attorney. We further observe in this instance that defendant's contention that we may consider this particular argument because plaintiffs referred to their individual efforts in their complaint is without merit. Nowhere in plaintiffs' complaint do they admit or suggest that their individual efforts were intended to terminate their relationship with defendant, and, thus, defendant's argument is an affirmative defense which we may not consider.

Education to issue, renew, suspend, or revoke a broker's license. (Ill. Rev. Stat. 1983, ch. 111, par. 5818(e).) They also rely on *Sawyer Realty Group, Inc. v. Jarvis Corp.* (1982), 89 Ill. 2d 379, 432 N.E.2d 849, where our supreme court held that a private right of action could be implied from the express provision of the broker's licensing statute for violation of the rules and regulations of the Department of Registration and Education.

■■■ While this case pended in the trial court, the General Assembly amended the Real Estate License Act, effective January 1, 1986, to provide that "[n]othing in this Act shall be construed to grant to any person a private right of action for damages or to enforce the provisions of this Act or the rules or regulations issued under this Act." (Ill. Rev. Stat. 1985, ch. 111, par. 5832.) We further observe that the Real Estate License Act is a remedial one. (*Sawyer Realty Group, Inc. v. Jarvis Corp.* (1982), 89 Ill. 2d 379, 432 N.E.2d 849.) Where a special remedial statute is unconditionally repealed without a savings clause, it stops all pending actions where the repeal finds them; if final relief has not been granted before the repeal goes into effect, it cannot be granted afterward. (*Shelton v. City of Chicago* (1969), 42 Ill. 2d 468, 248 N.E.2d 121.) Based on the foregoing, therefore, we hold that plaintiffs' alleged cause of action pursuant to the Real Estate License Act and rules and regulations of the Department of Registration and Education was barred and properly dismissed.

■■■ With respect to the trial court's dismissal of count III of plaintiffs' second amended complaint, we reverse its judgment. In count III, plaintiffs claimed that defendant's failure to disclose its representation of the Fernandezes and their subsequent offer to purchase the Harris property violated certain provisions of the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (Ill. Rev. Stat. 1983, ch. 121½, par. 261 *et seq.*) and the Uniform Deceptive Trade Practices Act (Uniform Act) (Ill. Rev. Stat. 1983, ch. 121½, par. 311 *et seq.*).

Section 2 of the Consumer Fraud Act (Ill. Rev. Stat. 1983, ch. 121½, par. 262) proscribes "the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the *concealment, suppression or omission of any material fact,* \*\*\* or the use or employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act', \*\*\* in the conduct of any trade or commerce." (Emphasis added.) It is well settled that a concealment must be shown to have been done with the intention to deceive under circumstances creating an opportunity and duty to speak, but mere passive concealment of pertinent facts during a business transaction

does not necessarily constitute a fraud. (*Lagen v. Lagen* (1973), 14 Ill. App. 3d 74, 302 N.E.2d 201; *Skidmore v. Johnson* (1948), 334 Ill. App. 347, 79 N.E.2d 762.) Subsection (12) of section 2 of the Uniform Act·(Ill. Rev. Stat. 1983, ch. 121½, par. 312(12)) provides that a person commits a deceptive practice when he "engages in any other conduct, which similarly creates a *likelihood of confusion or of misunderstanding*." (Emphasis added.) Both Acts apply to real estate brokers. *Duhl v. Nash Realty, Inc.* (1981), 102 Ill. App. 3d 483, 429 N.E.2d 1267.

▮▮ In the instant case, plaintiffs alleged in their second amended complaint that defendant concealed its representation of the Fernandezes as competitive prospective purchasers of the property for which plaintiffs were negotiating with Harris, and that defendant submitted the Fernandezes' offer without informing plaintiffs. Under a principal-agent relationship between the parties, the foregoing facts would be sufficient to state a cause of action, and the question of whether defendant's failure to disclose its dual representation resulted in confusion or misunderstanding or was done intentionally to conceal a material fact upon which plaintiffs relied would be questions of fact to be determined by the trier of fact. However, in the absence of a determination of whether an agency relationship existed, as discussed above, disposition of this count cannot be made. Accordingly, we must reverse the trial court's dismissal of this count for failure to state a cause of action.

▮▮ On the other hand, we affirm the trial court's dismissal of count IV of plaintiffs' second amended complaint. In count IV, plaintiffs claimed defendant intentionally interfered with a prospective economic advantage by representing the Fernandezes and concealing their offer for the Harris property and, had defendant not done so, "Plaintiffs would have entered into a valid real estate sale contract for the premises and would have consummated the purchase."

Recovery in an action for interference with a prospective economic advantage arising out of a business relationship requires that: "(1) the plaintiff has a valid business expectancy; (2) the defendant knows of the expectancy; (3) the defendant intentionally interferes and prevents the realization of the business relationship; and (4) the defendant's interference actually damages the plaintiff. (*Bank Computer Network Corp. v. Continental Illinois National Bank & Trust Co.* (1982), 110 Ill. App. 3d 492, 500, 442 N.E.2d 586.) In the instant case, plaintiffs fail to meet the critical requirement of a valid business expectancy, *i.e.*, they were merely one of any number of *potential* buyers of the Harris property, including the Fernandezes, since Harris

had listed the property for sale with a multiple listing service and could accept any offer from any potential buyer up to the time of consummation of a sale of the property, and Harris had not agreed to plaintiffs' counteroffers. Accordingly, we hold that the trial court did not err in dismissing count IV of plaintiffs' second amended complaint.

For the above reasons, we reverse the trial court's dismissal of counts I and III, and remand the cause for a determination on those counts consistent with the views expressed herein. The trial court's dismissal of counts II and IV is affirmed.

Affirmed in part; reversed in part and remanded.

LORENZ and PINCHAM, JJ., concur.