652 N.E.2d 1300 (1995)
273 Ill. App.3d 511
210 Ill.Dec. 324
Dimitry NEYZELMAN, a Minor by his Mother and Next Friend, Deanna NEYZELMAN; Deanna Neyzelman, Individually, and Ilia Neyzelman, Plaintiffs-Appellees,
v.
Phillip R. TREITMAN, Defendant-Appellant.
No. 1-93-2423.
Appellate Court of Illinois, First District, Third Division.
June 30, 1995.
*1301 Herbert F. Stride, Herbert L. Stride, Vickie Voukidis Blum, Chicago, for appellant.
Tom Leahy, Chicago, for appellees.
Justice TULLY delivered the opinion of the court:
Plaintiffs brought the present action against defendant, Phillip R. Treitman, to recover damages for injuries sustained in an automobile accident. The cause was tried *1302 before a jury which returned a verdict in favor of plaintiffs on February 24, 1993. Defendant filed post-trial motions requesting the court set aside the verdict and order a new trial, or in the alternative, order a remittitur. The trial court denied defendant's motions and entered judgment on the verdict on June 24, 1993. It is from this order plaintiff appeals pursuant to Supreme Court Rule 301. 134 Ill.2d R. 301.
For the reasons which follow, we affirm.

FACTUAL BACKGROUND
On November 30, 1986, plaintiff, Ilia Neyzelman (Ilia) was driving his vehicle northbound on Tripp in Skokie, Illinois. Deanna Neyzelman (Deanna) was seated in the right front and Dimitry Neyzelman (Dimitry) was seated in the back on the driver's side of plaintiffs' vehicle. Defendant, Phillip Treitman (Treitman) was driving his vehicle eastbound on Keeney. Treitman's vehicle collided with the driver's side of plaintiffs' vehicle. After the accident, all the parties exited their vehicles. No one appeared to have been injured and no emergency medical attention was required by any party.
Plaintiffs filed a complaint which sought recovery for property damage to their vehicle and personal injuries sustained by each of them. Of particular importance to this appeal is plaintiffs' claim that ten-year old Dimitry hit his head on the left rear passenger window of plaintiffs' vehicle during the collision which caused him to suffer from post-traumatic stress syndrome. This stress manifested itself in a permanent condition of dysfluency or stuttering. At trial, Dimitry testified that when he returned to school the first week of December, he noticed he had developed a stutter.
Dr. Alexander Golbin, a child psychiatrist, testified that he treated Dimitry weekly for approximately one year. His treatment of the stutter consisted of 40-45 minute sessions where he made Dimitry squat and read, spin and read, run in place and read, count backwards and read with candy in his mouth. Dr. Golbin testified that when he released Dimitry from his care in 1987, he was dramatically better and had only a very mild form of stuttering. Dr. Golbin further testified that it was his professional opinion that the cause of Dimitry's stuttering was related to the stress associated with the automobile accident.
Additional testimony was provided by Arlene Harris, a speech and language pathologist at Old Orchard Junior High School, who rendered speech and language therapy to Dimitry commencing in the fall of 1987. She taught and practiced with Dimitry the technique of speaking slowly to prevent stuttering. Harris continued to treat Dimitry once a week for two or three months until Dimitry's mother, Deanna requested the therapy be stopped as it conflicted with the treatment rendered by Dr. Golbin.
The jury verdict was as follows: Ilia Neyzelman, pain and suffering, $1000, disability, 0, medical expenses, $1210.20, property damage, $1994.73; Deanna Neyzelman, pain and suffering $1000, disability, 0, medical expenses $1347.40; Dimitry Neyzelman, past pain and suffering $43,000, future pain and suffering, $8500, past disability, $22,000, future disability, $51,500, past medical expenses, $3940, future medical expenses, 0.

ISSUES PRESENTED FOR REVIEW
On appeal, defendant contends that: 1) the trial court erred when it denied defendant's motion for a mistrial after plaintiffs' attorney questioned the venire during voir dire whether they had relatives or friends in the claims handling or claims business; 2) the trial court improperly allowed testimony from Arlene Harris, the nature of whose testimony was allegedly unknown to the defense until after the commencement of trial, and; 3) that the trial court improperly instructed the jury as to Dimitry's future pain and suffering and future disability.

OPINION
Defendant first claims that the trial court erred in refusing to grant a mistrial during voir dire after plaintiffs' counsel questioned the venire as to whether they or any close relative or friend of theirs currently worked or had worked in the "claims business" or "claims handling business." Defendant contends that the only purpose of such inquiry *1303 was to improperly inform the prospective jurors that the defendant was covered by insurance at the time of the collision. The trial court had already questioned the venire about their occupations in general and whether they had any relatives who worked in occupations which would cause them to be biased if chosen. Because no one responded that they worked in the insurance industry, defendant posits that plaintiffs' questions were redundant and served only to precondition the jury to render a larger verdict. Defendant relies on Imparato v. Rooney (1981), 95 Ill.App.3d 11, 50 Ill.Dec. 512, 419 N.E.2d 620, for the proposition that where the jury is aware of the existence of insurance, it "[w]ill probably result in a larger verdict than that awarded in the absence of such knowledge."
Plaintiffs respond they had a good faith basis for their questions to the venire in that insurance is not necessarily synonymous with claims. Therefore, general questions restricted to the businesses or occupations of the venire may fail to disclose the connection of a close friend or relative who worked in such industries and it was therefore incumbent upon counsel for plaintiffs to make reasonable, pertinent and thorough inquiries designed to assess the bias of jurors for the purpose of exercising challenges. See Rossman v. Solway (1949), 337 Ill.App. 105, 84 N.E.2d 857 (abstract of opinion).
It is settled law that informing a jury in a negligence action that a defendant is or is not insured constitutes reversible error. (Stenger v. Germanos (1994), 265 Ill. App.3d 942, 203 Ill.Dec. 140, 639 N.E.2d 179; Huber v. Seaton (1989), 186 Ill.App.3d 503, 134 Ill.Dec. 285, 542 N.E.2d 464; Imparato v. Rooney (1981), 95 Ill.App.3d 11, 50 Ill.Dec. 512, 419 N.E.2d 620.) However, "[n]ot every mention of the word `insurance' during a personal injury trial requires the court to declare a mistrial." (Twait v. Olson (1982), 104 Ill.App.3d 191, 196, 60 Ill.Dec. 345, 350, 432 N.E.2d 1244, 1249.) A reference to insurance is only prejudicial if it directly indicates that the defendant is insured (Fedt v. Oak Lawn Lodge, Inc. (1985), 132 Ill.App.3d 1061, 1070, 88 Ill.Dec. 154, 161, 478 N.E.2d 469, 476) or if it is the product of conduct by counsel intended to influence or prejudice the jury (Mondelli v. Checker Taxi Co. (1990), 197 Ill.App.3d 258, 143 Ill.Dec. 331, 554 N.E.2d 266). The rationale underlying this rule is that such information is not only irrelevant to the determination of negligence but also artificially inflates any verdict. (Imparato, 95 Ill.App.3d at 15, 50 Ill.Dec. at 515, 419 N.E.2d at 623.)
We believe that as to claims of negligence arising out of automobile accidents, it is not unreasonable for the jurors to assume that the defendant is insured since Illinois law requires that all drivers in the State carry minimal liability insurance. (625 ILCS 5/7-601 et. seq.) Therefore, the mention or inference of insurance during the course of a trial no longer carries with it the same prejudicial effects it once did. We do not advance the notion here that injection of insurance into a negligence case is acceptable: it is not. We are merely stating that a defendant now shoulders a greater burden in demonstrating prejudice by inadvertent or relatively innocuous remarks made about insurance at trial. See Flynn v. Edmonds (1992), 236 Ill.App.3d 770, 176 Ill.Dec. 934, 602 N.E.2d 880 ("In recent years, courts have demonstrated an increasing tolerance toward references to insurance."); Milwaukee Mutual Insurance Co. v. Wessels (1983), 114 Ill.App.3d 746, 750, 70 Ill.Dec. 550, 555, 449 N.E.2d 897, 902 ("the mention of insurance is not quite the bete noir that it was a generation or more ago."); Kitsch v. Goode (1977), 48 Ill.App.3d 260, 266, 6 Ill.Dec. 17, 22, 362 N.E.2d 446, 451 ("With the passing of years, however, and with the almost universal prevalence of automobile liability insurance, has come an increasing judicial tolerance towards references to insurance. Where a finding of liability has a complete basis in the evidence and the damage award is reasonable, the courts will conclude that the jury was not prejudiced by the remark.")
The primary responsibility for conducting the voir dire examination of prospective jurors lies with the trial court and the scope and extent of the examination rests within its sound discretion. Kingston v. Turner (1987), 115 Ill.2d 445, 106 Ill.Dec. 14, 505 N.E.2d 320. Absent an abuse of that discretion, *1304 the trial court's decision will not be disturbed on review. In the case at bar, based upon our careful review of the record and the findings of the trial court, we are compelled to conclude that counsel for plaintiffs was acting in good faith during voir dire and that his questions did not improperly influence the venire. At the time defendant moved for a mistrial, the trial court stated, "[I]'m sure [counsel for plaintiffs] is aware of that motion in limine that deals with no mention of insurance. The Court will pay attention. I don't think anything I've heard so far is unduly emphasizing that aspect." Consequently, we hold the trial court correctly denied defendant's motion for a mistrial.
Defendant next contends that the trial court erred in denying defendant's motion to bar the testimony of Arlene Harris. Defendant argues that neither Harris' identity nor the nature of her testimony was disclosed to the defense pursuant to the applicable discovery rules and therefore her testimony should have been barred. Moreover, defendant asserts that because Harris rendered speech therapy to Dimitry, her relationship to him was tantamount to that of a treating physician. Defendant maintains that plaintiffs intentionally mischaracterized Harris as a teacher and not a treating physician to prejudice the defendant. Consequently, her testimony should have been barred.
Plaintiffs respond that in 1988, they listed Dimitry's "classmates, friends and teachers" as individuals who had knowledge of his injuries in their answers to defendant's interrogatories. Plaintiffs assert that Harris, as one of Dimitry's teachers, was included in this generic response. Additionally, plaintiffs disclosed Harris as a witness pursuant to defendant's Supreme Court Rule 237 (134 Ill.2d R. 237) request for production prior to the commencement of trial.
We believe that Harris was in fact more than a mere teacher to Dimitry. She actually rendered him treatment for his dysfluency. Consequently, she should have been more accurately characterized and disclosed as a treating individual and not a mere witness. But we do not believe the appropriate remedy for this mischaracterization was to bar her testimony.
Treating individuals are "subject to the discovery provisions which apply to ordinary occurrence witnesses." (Tzystuck v. Chicago Transit Authority (1988), 124 Ill.2d 226, 124 Ill.Dec. 544, 529 N.E.2d 525.) A previously unidentified witness may be barred from testifying pursuant to Supreme Court Rule 219(c). (134 Ill.2d R. 219(c).) In determining whether to bar the testimony of an unidentified witness the court should consider: 1) the surprise to the opposing party; 2) whether the omission was intentional or inadvertent; 3) the nature of the witness' testimony; 4) timeliness of the objection; 5) opportunity of the opposing party to interview or depose the witness prior to trial; and 6) the prejudice resulting to the opposing party by virtue of the testimony. Jensen v. Chicago & Western Indiana R.R. Co. (1981), 94 Ill.App.3d 915, 928, 50 Ill.Dec. 470, 483, 419 N.E.2d 578, 590.
We have carefully reviewed the record and take judicial notice that it indicates the defendant was less than diligent in his discovery. Defendant never filed supplemental interrogatories, subpoenaed Dimitry's school records or even deposed Dimitry. Any one of these discovery devices would surely have revealed that Harris had at one time rendered speech therapy to Dimitry. The trial court commented upon defendant's lack of preparedness during the argument on the motion to bar Harris' testimony and stated: "[I] think the defense has not been very vigorous in its search and discovery activities regarding this case, and if they have anybody to blame, I think it has to fall on [their] own shoulders. I find I seriously doubt that there is any fault on the part of the plaintiffs with regard to the lack of supplying this information[.]" Therefore, as to the first criteria, while defendant was probably surprised at the disclosure of Harris as a treater, we believe that was more a product of their ill state of preparedness than any attempt by the plaintiffs to intentionally prejudice the defendant at trial.
Moreover, the testimony rendered by Harris at the trial was merely corroborative in nature. She testified to only the fact that Dimitry had a dysfluency problem and for a *1305 short time, she worked with him to remedy this problem. Both Dr. Golbin and another teacher from school testified, in much greater detail, to Dimitry's stuttering. Consequently, we do not believe the defense was prejudiced in any way by Harris' testimony and the trial court correctly denied defendant's motion to bar.
Lastly, defendant contends the trial court erred in instructing the jury regarding future pain and suffering and future disability because such an instruction is only proper where pain and suffering is reasonably certain to be experienced in the future. (Illinois Pattern Jury Instructions, Civil, No 30.05 (2d ed. 1971).) Defendant claims that plaintiff did not present any evidence at trial which would support this portion of the verdict as Dr. Golbin's testimony regarding future disability, future pain and suffering and the necessity of future medical treatment was speculative at best.
Dr. Golbin testified to Dimitry's future pain and suffering at trial as follows:
"Q Do you have an opinion within a reasonable degree of medical certainty as to whether or not Dimitry will continue to have a speech problem such as stuttering indefinitely into the future? What is the basis of that opinion, Doctor?
A My opinion is that prognosis of the treatment is good under certain circumstances. Meaning that the child might be completely cured if he will follow the treatment. And the condition might be permanent or chronic, let's put it this way ... The child, the stuttering might be completely cured if the child follows the treatment. And stuttering might be chronic without adequate treatment or under severe stressful factors."
The general rule is that a litigant is entitled to an instruction on a theory of recovery if there is "some evidence" in the record to support it. (Lundquist v. Nickels (1992), 238 Ill.App.3d 410, 179 Ill.Dec. 150, 605 N.E.2d 1373.) Evidence of future pain and suffering may be rendered by an expert, elicited from the plaintiff (Onion v. Chicago & Illinois Midland Ry. (1989), 191 Ill.App.3d 318, 138 Ill.Dec. 554, 547 N.E.2d 721) or inferred from the nature of an injury (A.O. Smith Corp. v. Industrial Commission (1977), 69 Ill.2d 240, 13 Ill.Dec. 672, 371 N.E.2d 607). Additionally, "[w]here future pain and suffering can be objectively determined from the nature of an injury, the jury may be instructed on future pain and suffering based on lay testimony alone or even in the absence of any testimony on the subject. Where future pain and suffering is not apparent from the injury itself, or is subjective, the plaintiff must present expert testimony that pain and suffering is reasonably certain to occur in the future to justify the instruction." Maddox v. Rozek (1994), 265 Ill. App.3d 1007, 203 Ill.Dec. 125, 639 N.E.2d 164; Burnett v. Caho (1972), 7 Ill.App.3d 266, 276, 285 N.E.2d 619.
The application of this rule to the present case leads us to the conclusion that the trial court correctly tendered plaintiffs' requested instruction to the jury. Dr. Golbin testified that within a reasonable degree of medical certainty, he believed that Dimitry would continue to stutter. He was only uncertain as to how far into the future the plaintiff would be afflicted with this disability and the severity of it. Moreover, Dimitry testified at trial as to how his stutter had impacted him in the past. While testifying, he stuttered. The jury heard the child stutter. Clearly, this is an objective manifestation in the record upon which the jury could base an award. Consequently, we believe the trial court correctly instructed the jury regarding future pain and suffering and future disability.
In light of the foregoing, the judgment of the circuit court of Cook County is affirmed in all respects.
Affirmed.
RIZZI and CERDA, JJ., concur.