MARIETTA GREENLEE *et al.*, Plaintiffs-Appellants, v. FIRST NATIONAL BANK IN DE KALB *et al.*, Defendants-Appellees.

Second District   No. 2—87—1224

Opinion filed September 15, 1988.—Rehearing denied November 4, 1988.

Bernard Z. Paul, of De Kalb, and Richard F. Mallen, of Chicago, for appellants.

Michael J. Gallagher and Richard A. Barrett, Jr., both of Cassiday, Schade & Gloor, of Chicago, for appellees First National Bank in De Kalb, Sandwich Banco, Inc., Eileen A. Devereux, J. David Conlin, and Alvin O. Berg, Jr.

Douglas J. Pomatto and Richard K. Hunsaker, both of Heyl, Royster, Voelker & Allen, of Rockford, for other appellees.

JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiffs, Marietta and Paul Greenlee, appeal the judgment of the circuit court of De Kalb County dismissing their first amended complaint. Plaintiffs sued defendants, First National Bank in De Kalb,

First National Bank in De Kalb as trustee under trust No. 030—173—00—9, Sandwich Banco, Inc., Eileen Devereux, J. David Conlin, Donald Berg, Eileen Reese, Alvin Berg, Jr., and Barbara Heins, for damages Marietta Greenlee sustained when she fell on a stairway in a home she and her husband leased from defendants. The trial court dismissed the complaint, holding that plaintiffs failed to allege a duty of defendants to repair the stairway. On appeal, plaintiffs contend that their complaint was sufficient to allege such a duty.

Defendant First National Bank is the owner of the subject premises as trustee under a land trust. Defendants Reese, Heins and the Bergs are the beneficial owners of the trust. Defendant Conlin is an agent and employee of the bank.

The leased premises consist of a 100-year-old farmhouse in Malta, Illinois. Plaintiffs leased it from defendants through a lease dated August 15, 1983. It appears that on March 29, 1984, plaintiff fell on a stairway leading to the basement of the house and sustained injuries. The first amended complaint contains four counts. Count I seeks damages for Marietta's injuries based on a negligence theory. Count II seeks damages on behalf of Paul Greenlee for loss of consortium. Counts III and IV seek the same damages on a theory of breach of warranty of habitability. Plaintiffs voluntarily withdrew counts III and IV, and they are not before us. The complaint further alleges that defendants were negligent: they permitted water to leak into the basement, which caused the stairs to rot; they permitted the stairs to remain in this condition; the stairway had no handrail; and defendants were aware of these conditions prior to the commencement of the lease term. The complaint also alleges that De Kalb County had in effect at the time of the accident the Building Officials and Code Administrators (BOCA) Basic Building Code, as well as the De Kalb County Housing Code and the De Kalb County One and Two Family Dwelling Code, and that defendants were negligent in violating the terms of these ordinances.

Defendants moved to dismiss the complaint. Defendants contended that under the terms of the lease, plaintiffs had the duty to repair and maintain the premises and that the landlord would not be liable for damages resulting from the failure to maintain the premises in a safe condition. The trial court dismissed the complaint, and plaintiffs appeal.

On appeal, plaintiffs contend that their complaint contains sufficient allegations to place plaintiffs within any one of several exceptions to the rule of landlord nonliability. Plaintiffs acknowledge that the general rule is that a landlord will not be liable for damages

for injuries sustained by a tenant as a result of an unsafe condition in an area of the demised premises which is under the tenant's control. (*Wanland v. Beavers* (1985), 130 Ill. App. 3d 731, 732; *Dapkunas v. Cagle* (1976), 42 Ill. App. 3d 644, 647.) Several exceptions to the general rule have been developed. A landlord may be liable when the injury is caused by a latent defect in the premises of which the landlord knew or should have known and which the tenant could not have discovered through reasonable inspection. (*Dapkunas*, 42 Ill. App. 3d at 647; *Thorson v. Aronson* (1970), 122 Ill. App. 2d 156, 160.) The tenant has a duty to inspect the premises and determine their safety and suitability. (*Wanland*, 130 Ill. App. 3d at 732.) A landlord may also be liable if the defect in the premises violates an applicable statute or ordinance prescribing a duty for the protection and safety of persons or property. *Mangan v. F. C. Pilgrim & Co.* (1975), 32 Ill. App. 3d 563, 569.

■ Plaintiffs contend that their complaint was sufficient to allege liability under either of these exceptions. A motion to dismiss admits all well-pleaded facts. In determining the sufficiency of the complaint, the court should not dismiss the cause on the pleadings unless it clearly appears that no set of facts can be proved which will entitle the plaintiff to recover. (*Wheeler v. Caterpillar Tractor Co.* (1985), 108 Ill. 2d 502, 505-06.) However, if the complaint does not allege facts sufficient to state a cause of action, this defect cannot be cured by liberal construction or argument. *Beckman v. Freeman United Coal Mining Co.* (1988), 123 Ill. 2d 281, 287.

■ Plaintiffs' complaint is hardly a model of drafting. It fails to allege exactly how plaintiff was injured, that there was in fact a latent defect in the stairs of which defendants knew and which plaintiffs could not reasonably have discovered, or which provisions of the codes defendants violated. Defendants have chosen to ignore these pleading defects and argue, as the trial court held, that the complaint could never state a cause of action for negligence. While these defects would certainly warrant dismissal, it would be unfair to uphold the trial court's dismissal with prejudice if they could be cured by amendment. Thus, we too will consider whether plaintiffs could allege any set of facts which would state a cause of action against these defendants.

■ Defendants raise a number of arguments in support of the trial court's judgment. We find dispositive the fact that the defect alleged to be latent and to violate the applicable codes was not the proximate cause of plaintiff's injury.

As they argued before the trial court, plaintiffs contend in their

brief in this court that Marietta was injured when rotten wood on a stair gave way, causing her to fall. They also maintain that her injuries were aggravated by the lack of a handrail on the stairs. Finally, they contend that the rotting wood was caused by water leaking into the basement through loose windows. Of these three defects, the only one which could arguably be considered latent is the leaky basement. The lack of a handrail should have been obvious to anyone. Furthermore, plaintiff could by reasonable inspection have discovered the rotted wood on the stairs. The photographs which plaintiff submitted to the trial court clearly show that the wood in several areas of the stairway was rotted through. Plaintiffs contend in their brief that an entire step was missing. The terms of the lease gave tenants the duty to repair. The lease also recites that the tenants had inspected and accepted the premises. Under these conditions, plaintiff should have noticed the condition of the stairs, and defendants cannot be held liable for failing to disclose an obvious defect.

Although the third alleged defect, water leakage into the basement, could be considered latent (see *Wanland*, 130 Ill. App. 3d at 734), it was not the proximate cause of plaintiff's injury. Plaintiffs do not contend that water was present on the stairs at the time of the accident, or that Marietta slipped on a wet stair. Plaintiffs' conclusional allegation that the leaking water caused the wood to rot is insufficient to establish a causal link between the water and plaintiff's injury. It was the rotted wood, and not water in the basement, which caused her injury.

Similarly, plaintiffs have not established a causal connection between the injury and the alleged code violations. The violation of a safety statute is *prima facie* evidence of negligence, but is not negligence *per se*. Proved negligence results in liability only when the injury was proximately caused by the violation. (*Davis v. Marathon Oil Co.* (1976), 64 Ill. 2d 380, 390.) In their appellate brief, the only sections of the code plaintiffs point to which are arguably applicable to this case are two sections of the De Kalb Housing Code requiring that foundations, walls, windows and exterior doors be kept watertight. De Kalb County Housing Code §§III(A)(8), (A)(9).

The bank defendants complain strenuously that the building code, housing code and dwelling code should not be applied to buildings in existence at the time the codes were enacted. We need not decide this issue, however. We have just determined that the presence of water in the basement did not cause plaintiff to fall. Thus, even were the cited sections applicable to the house in question, their violation was not the proximate cause of plaintiff's injury. The most that can be said is

that the water caused the stairs to rot, a condition of which plaintiff should have been aware.

■■ Plaintiffs also contend that the trust document gave the bank a nondelegable duty to maintain the premises. This argument is completely without merit. Plaintiffs do not allege, nor could they, that they are third-party beneficiaries of the trust agreement between the beneficial owners and the bank. Absent such status, a nonparty may not enforce the provisions of a trust. (See *Bayley v. Clark* (1910), 153 Ill. App. 154, 162-66.) Furthermore, even assuming that the bank's duty to maintain the premises was nondelegable, plaintiffs' complaint alleges that the beneficiaries "owned[,] operated, managed, maintained and controlled" the premises. Therefore, the acts of leasing the premises to plaintiffs and assigning to plaintiffs the duty of maintenance must have been at the direction of, or with the acquiescence of, the beneficiaries. Thus, even the beneficial owners could not have sued to enforce the terms of the trust in these circumstances, and plaintiffs, as nonparties to the trust agreement, certainly can have no greater rights than the beneficiaries.

For the foregoing reasons, the judgment of the circuit court dismissing plaintiffs' complaint with prejudice is affirmed.

Affirmed.

LINDBERG, P.J., and REINHARD, J., concur.