JOHN HUBER et al., Plaintiffs-Appellees, v. FRANK B. SEATON, Defendant-Appellant (Richard Janowitz, Defendant).

Second District   No. 2—88—0705

Opinion filed July 26, 1989.—Rehearing denied August 30, 1989.

John P. Callahan, of Querrey & Harrow, Ltd., of Geneva, and Victor J. Piekarski and Michael Resis, both of Querrey & Harrow, Ltd., of Chicago, for appellant.

John M. O'Halloran, of Coleman & O'Halloran, of Chicago, for appellees.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiffs, John and Joan Huber, filed a negligence action against defendants, Frank B. Seaton and Richard Janowitz, for damages sustained as the result of a fire on May 6, 1984. The jury returned a verdict for both plaintiffs and assessed damages at $40,000. Defendant Seaton's post-trial motion was denied, and this appeal followed. Codefendant Janowitz is not a party to this appeal. We reverse.

The majority of alleged facts in this case were set out in a previous opinion issued by this court. (*Huber v. Seaton* (1988), 165 Ill. App. 3d 445.) We will only set out additional facts pertinent to the issues present in this appeal.

On May 6, 1984, a fire occurred at the townhouse owned by defendant Seaton and occupied by plaintiffs. At trial, plaintiffs alleged the fire was caused by the negligence of Janowitz, an independent contractor hired by defendant. Plaintiffs alleged Janowitz negligently left the valve open on a propane torch that he set down, allowing gas to escape and subsequently causing the fire. Plaintiffs also alleged Seaton negligently hired Janowitz. In particular, plaintiffs alleged that Seaton never checked to see if Janowitz was licensed to do plumbing work, and if Janowitz carried liability insurance, nor did Seaton obtain any information concerning the quality of Janowitz's work before hiring him.

■ In our prior opinion, we held Seaton's motion for summary judgment should not have been granted because a question of material fact remained as to whether Seaton negligently selected Janowitz as an independent contractor. (*Huber*, 165 Ill. App. 3d at 450-51.) We noted an employer is generally insulated from liability for the negligent acts of an independent contractor. (*Huber*, 165 Ill. App. 3d at 450, citing *Gomien v. Wear-Ever Aluminum, Inc.* (1971), 50 Ill. 2d 19, 21.) However, a recognized exception to the general rule exists if the employer fails to exercise reasonable care in the selection of the independent contractor. (*Huber*, 165 Ill. App. 3d at 450; *Kouba v. East Joliet Bank* (1985), 135 Ill. App. 3d 264, 267.) This court in its prior opinion held that the materials in support of the motion for summary judgment did not eliminate a potential fact question as to the issue of negligent hiring.

■ At the time of the first appeal, however, this court was in no position to pass upon the sufficiency of the amended complaint, the instructions or the evidence at trial. Although questions of law actually decided in a previous appeal are binding, matters concerning the merits of a controversy which were not decided by the appellate court do not become the law of the case. (*Zokoych v. Spalding* (1980), 84 Ill.

App. 3d 661, 667.) The prior opinion did not address and resolve questions of fact.

Seaton raises three issues on appeal: (1) whether the court erroneously instructed the jury as to statutory licensing violations and absence of liability insurance; (2) whether the jury verdict was against the manifest weight of the evidence; and (3) whether the evidence supports a finding that Seaton negligently hired Janowitz.

■ It is well established that a cause of action exists against an employer for negligently hiring an employee he knew, or should have known, was unfit for the job so as to create a danger of harm to third persons. (*Fallon v. Indian Trail School* (1986), 148 Ill. App. 3d 931, 935; *Malorney v. B & L Motor Freight, Inc.* (1986), 146 Ill. App. 3d 265, 268; *Gregor v. Kleiser* (1982), 111 Ill. App. 3d 333, 338.) The Restatement (Second) of Agency describes the cause of action as follows:

"A person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless:

\*\*\*

(b) in the employment of improper persons or instrumentalities in work involving risk of harm to others \*\*\*." Restatement (Second) of Agency §213, at 458 (1958).

Seaton first contends the trial court improperly instructed the jury as to Janowitz's lack of a plumber's license. The instructions in question stated Seaton could be held liable for:

"Carelessly and negligently hiring Richard Janowitz to perform plumbing services on the premises in question when he knew or, in the exercise of ordinary care, should have known that Richard Janowitz was not a licensed plumber as required under Chapter 111, Section 1101 et. [*sic*] seq. of the Illinois Revised Statutes."

Plaintiffs respond by asserting the instructions in question were properly submitted to the jury to show that Seaton was negligent in hiring Janowitz. Plaintiffs argue a reasonable person would have inquired into whether Janowitz was a licensed plumber before hiring Janowitz to do the repair work. Further, that had Seaton done so, he would have found Janowitz lacked the requisite skills to do the work.

Plaintiffs also contend that section 1 of the Illinois Plumbing License Law (Licensing Law) (Ill. Rev. Stat. 1987, ch. 111, par. 1101) was enacted to protect the general public by requiring those who install plumbing to be licensed. Plaintiffs claim that they were members of the class of persons which the statute was intended to protect.

■ We believe the trial court erred in instructing the jury as to

Janowitz's lack of a plumber's license. It is improper to instruct the jury as to a statutory violation when there is no evidence to show the injury or damage was proximately caused by the statutory violation. *Davis v. Marathon Oil Co.* (1976), 64 Ill. 2d 380, 390; *Greenlee v. First National Bank* (1988), 175 Ill. App. 3d 236, 240; *Grabner v. American Airlines, Inc.* (1980), 81 Ill. App. 3d 894, 900.

■ In the instant case, plaintiffs alleged a violation of the Licensing Law. However, plaintiffs failed to establish sufficient facts to show the alleged statutory violation (lack of a plumbing license) was proximately related to the negligent act (the propane torch valve left open). A review of the record fails to set forth any evidence showing that a person needs to have proficiency with propane torches before receiving a plumber's license, or that a person may not operate a propane torch without a "plumber's license." Without a proper foundation, we fail to see how the absence of a plumber's license was proximately related to the alleged negligent act with the propane torch. Thus, we believe the trial court erroneously instructed the jury as to the alleged statutory licensing violation in this case.

Seaton next contends the trial court improperly instructed the jury as to Janowitz's lack of liability insurance. The instructions in question stated that Seaton could be held liable for:

"Carelessly and negligently hiring Richard Janowitz to perform plumbing services on the premises in question when he knew or, in the exercise of ordinary care, should have known that Richard Janowitz did not have any liability insurance to cover him in the performance of his work at the leased premises on the day of the occurrence."

Seaton argues the reference to insurance was prejudicial error. In addition, Seaton asserts it was error to give such a jury instruction without first showing that the lack of insurance was the proximate cause of the fire.

Plaintiffs respond by asserting the instruction was properly submitted to the jury to show that Seaton was negligent in hiring Janowitz. Plaintiffs argue a reasonable person would have inquired into whether Janowitz carried liability insurance before hiring Janowitz to do the repair work. Further, that had Seaton done so, he would have found Janowitz lacked the requisite skills to do the work.

■ It is generally reversible error to inform the jury in a negligence action as to the existence or absence of insurance. (*Imparato v. Rooney* (1981), 95 Ill. App. 3d 11, 15.) In *Imparato*, the court stated that the fact that a person is insured, or not insured, has no possible bearing on the question of negligence. (*Imparato*, 95 Ill. App. 3d at

15-17.) The court determined that a retrial was necessary, and that "evidence of defendant's insurer shall have no place in the retrial of this cause." (95 Ill. App. 3d at 17.) We find the reasoning in *Imparato* to be persuasive in the case at bar.

■ We believe Seaton was prejudiced when the jury was informed Janowitz lacked liability insurance. An obvious implication of this information was that Janowitz lacked the financial resources to satisfy any judgment rendered for plaintiffs. Thus, if plaintiffs were to recover at all, they would have to recover from Seaton. More important than possible prejudice is the failure of plaintiffs to establish any relationship between lack of insurance and the negligent act of Janowitz or the negligent hiring by Seaton. There is nothing in the record to connect the lack of insurance with the cause of the fire or with Janowitz's "particular unfitness."

A cause of action for negligent hiring must establish that a "particular unfitness" of an applicant creates a danger of harm to a third person which the employer knew, or should have known, when he hired and placed this applicant in employment where he could injure others. *Fallon*, 148 Ill. App. 3d at 935.

Plaintiffs must also establish a causal relationship between the particular unfitness and the negligent act of the agent. (*Woodward v. Mettille* (1980), 81 Ill. App. 3d 168, 184.) In other words, plaintiffs must establish that Janowitz did not have the experience, competence and knowledge to turn off the valve of a torch *and* the failure to turn off the valve was a result of Janowitz's lack of expertise.

The record is devoid of information, which Seaton could have reasonably acquired, that would have put him on notice that Janowitz had a particular unfitness. Plaintiffs argue that lack of a plumber's license and lack of insurance is such "information." As previously determined, such "information" was not relevant because there was no causal connection shown between this "information" and the negligent act. *Woodward*, 81 Ill. App. 3d at 184.

The trial record shows that Seaton had used Janowitz on other occasions for repair work, including plumbing. Janowitz had previously used a propane torch on work he performed at Seaton's home. Seaton never had any problems or bad experience with Janowitz. In addition, Seaton never had any problems with the workmanship of Janowitz.

Plaintiffs have failed to present evidence to establish Janowitz was incompetent or inexperienced with regard to the operation of the torch valve.

Had Seaton first done a detailed investigation, requesting references, examining his prior work and calling others for recommenda-

tions, there is not a scintilla of proof that Janowitz's work was unworkmanlike. Without some evidence, it is irrelevant that Seaton did not make as extensive an investigation as plaintiffs argue is required.

Had Seaton specifically inquired about Janowitz's knowledge, skill or experience in the use of a propane torch, Seaton would not have been put on notice that Janowitz was incompetent or inexperienced. Janowitz, in fact, had used a propane torch in the past in doing work for Seaton without incident. Certainly, the use of a torch is not an inherently dangerous activity requiring that special precautions be taken with regard to its use. *Woodward*, 81 Ill. App. 3d at 176-77.

■ The standards to be followed by the court when considering a motion for judgment "non obstante veredicto" (*j.n.o.v.*) and motion for a new trial differ. Both standards are set forth in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494. To be awarded a new trial, the movant must establish that the jury's verdict is against the manifest weight of the evidence. (*Pedrick*, 37 Ill. 2d at 510.) To obtain a *j.n.o.v.*, however, requires meeting a higher evidentiary standard commonly now referred to as "the *Pedrick* rule."

> "In our judgment verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." *Pedrick*, 37 Ill. 2d at 510.

The lack of evidence in this case meets both standards and establishes that Seaton was not proved to have been negligent.

For the reasons stated above, the judgment of the circuit court of McHenry County is reversed.

Reversed.

DUNN and LINDBERG, JJ., concur.