TERESA DiMAGGIO, Plaintiff-Appellant, v. THE CROSSINGS HOME-
OWNERS ASSOCIATION, Defendant-Appellee.

Second District No. 2—91—0318

Opinion filed October 10, 1991.

Rafael Del Campo, of Chicago, for appellant.

Michael Resis, of Querrey & Harrow, Ltd., of Waukegan, and Michael S. Loeffler, of Chicago, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, Teresa DiMaggio, appeals from the order of the circuit court of Lake County which granted summary judgment in favor of defendant, the Crossings Homeowners Association, and the order which denied plaintiff leave to amend her complaint after the entry of the summary judgment. Plaintiff raises four issues on appeal: (1) whether the trial court erred in raising on its own the question whether the proper motion would be a motion to strike rather than a motion for summary judgment; (2) whether the court was required to presume that the complaint stated a cause of action; (3) whether there was a genuine issue of material fact; and (4) whether the court should have allowed plaintiff to amend her fourth amended complaint. We will summarize briefly the relevant facts.

Plaintiff alleged that on August 21, 1987, she resided with her mother at a townhouse in defendant's association at 1313 Bristol Lane, in Buffalo Grove. Defendant retained an independent contractor to repair some of the concrete sidewalks in the association, including the sidewalk in front of 1313 Bristol. At approximately 9 p.m., plaintiff returned home from work and, while walking towards her home, fell into the torn up concrete walkway to the unit. There were no warning devices to alert the public to the construction. In count I, plaintiff alleged that "it should have became [*sic*] apparent to [defendant] and its agents that the contractor was not competent in that he or it did not provide for the safety of *** third parties and should have seen to it that such failure to protect the public be instituted at once." In count II, plaintiff alleged that defendant was negligent because it failed to hire a competent and qualified contractor to repair the sidewalks and because it failed to protect and warn third parties of the potentially dangerous condition when defendant learned that the contractor did not warn of the condition.

Defendant filed a motion for summary judgment, arguing that plaintiff had presented no evidence to support her allegations that defendant knew or should have known that the contractor was unfit to repair the sidewalk. Defendant referred to plaintiff's deposition, in which she admitted that she had no knowledge regarding the contractor's competency, and she did not know if defendant or its

agents had any knowledge regarding the fitness of the contractor. Defendant also submitted a copy of the contract between defendant and the independent contractor, PCR, Inc. The contract, which was accepted on August 20, 1987, provided for the removal and replacement of concrete sidewalks and/or stoops at 16 units and the clubhouse. The contract guaranteed that the work would be "completed in a substantial workmanlike manner."

In her response to the motion, plaintiff argued that the contract between defendant and the contractor raised an issue of material fact regarding whether defendant knew or should have known that the contractor did not contemplate the use of warnings to protect the public.

On December 20, 1990, the court granted the motion for summary judgment on both counts of the fourth amended complaint. On January 10, 1991, plaintiff filed a motion to amend the fourth amended complaint. The court denied that motion on February 19, 1991, for the following reasons:

"(a) the plaintiff has failed to submit a proposed amended complaint; (b) this court's ruling granting summary judgment in favor of the defendant on 12/20/90 was not based on 2—615 or 2—619, but was because this court felt there was no genuine issue of material fact on the negligent hiring or ordinary negligent [sic] count; (c) this court finds the facts of the instant case to be similar to those in *Hill v. Jones* 198 IL 3d 854 [sic] and in the exercise of this court's discretion, this court denies the plaintiff's motion for leave to amend her pleadings."

Plaintiff filed her notice of appeal on March 18, 1991.

■ Before considering the merits of plaintiff's appeal, we will first address defendant's motion to strike portions of plaintiff's reply brief. Defendant points out that plaintiff included as exhibits to the reply brief a pleading and an affidavit which plaintiff admits were not made part of the common-law record. Plaintiff asserted in her reply brief that when she presented this pleading, the trial court indicated that it would entertain a motion for sanctions regarding false statements of Terry Foley in one of his affidavits. Plaintiff has not included a transcript or report of proceedings and has not moved to supplement the record on appeal. The reply brief is in violation of Supreme Court Rule 341(e)(7) (134 Ill. 2d R. 341(e)(7)) as it consists of matters outside the record. (*Zurich Insurance Co. v. Raymark Industries, Inc.* (1987), 118 Ill. 2d 23, 60.) We therefore grant the motion to strike.

██ On appeal, plaintiff first contends that her allegations were sufficient to state a cause of action. Plaintiff asserts that "the court itself raised the issue as to whether the defendant had filed a motion to strike or dismiss the Fourth Amended Complaint" and that "the court was of the opinion that the Fourth Amended Complaint did not state a cause of action and would more properly be subject to a motion to strike or dismiss." In violation of Rule 341(e)(7) (134 Ill. 2d R. 341(e)(7)), plaintiff has failed to cite to any part of the record in support of this novel assertion. Plaintiff did not include a transcript of this hearing either, and the common-law record does not indicate that the court ever considered the summary judgment motion to be anything other than a motion to determine whether there were genuine issues of material fact. Significantly, the court's February 1991 order specifically stated that the summary judgment motion was not treated as a section 2—615 or section 2—619 motion to dismiss the complaint. (See Ill. Rev. Stat. 1989, ch. 110, pars. 2—615, 2—619.) Since the appellant bears the burden of supplying a complete record on appeal, any deficiencies in the record will be construed in support of the trial court's ruling. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 391-92.) Thus, we conclude that the court found that there were no genuine issues of material fact.

██ This conclusion supports the trial court's decision to deny the motion to amend the fourth amended complaint. The decision to permit or deny an amendment is a matter of the trial court's discretion. (*People v. Brockman* (1991), 143 Ill. 2d 351, 363.) Although plaintiff is correct that section 2—1005(g) of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(g)) permits amendment of pleadings after a summary judgment, the court did not find that the fourth amended complaint failed to state a cause of action. Since any amendment here would not have cured the underlying problem which resulted in the entry of summary judgment, we conclude that the trial court did not abuse its discretion in denying the motion to amend. See *Martin v. Yellow Cab Co.* (1990), 208 Ill. App. 3d 572, 576-78.

██ Finally, we note that plaintiff has failed to present any argument in her appellate brief in support of her contention that the court erred in granting summary judgment for defendant because there exists a genuine issue of material fact. Merely referring to a pleading in the common-law record is insufficient to satisfy the requirements of Rule 341(e)(7) (134 Ill. 2d R. 341(e)(7)). Such a failure generally results in waiver of the issue on appeal. (*Ray Dancer, Inc. v. DMC Corp.* (1988), 175 Ill. App. 3d 997, 1005.) However, even if

we construe a portion of section II of her brief as an argument that summary judgment was improper, we still conclude that this issue is without merit.

Summary judgment should be granted when the pleadings, depositions, affidavits and admissions on file show that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c).) The trial court is to construe the evidence strictly against the moving party and liberally in favor of the opponent when ruling on a summary judgment motion. (*Tersavich v. First National Bank & Trust* (1991), 143 Ill. 2d 74, 80-81.) While a plaintiff is not required to prove her case at the summary judgment stage, she must present some evidentiary facts to support the allegations in her complaint. *Gardner v. Navistar International Transportation Corp.* (1991), 213 Ill. App. 3d 242, 250.

Plaintiff has merely relied on the fourth amended complaint to raise issues of fact. Where a party moving for summary judgment relies on supporting affidavits containing well-pleaded facts and the party opposing the motion files no counteraffidavits, the material facts set forth in the movant's affidavits stand as admitted. (*Blankenship v. Dialist International Corp.* (1991), 209 Ill. App. 3d 920, 924.) Here, defendant relied on the affidavits of Terry Foley, which averred that he was the agent for defendant and entered into a contract with PCR, Inc. (PCR), on behalf of defendant; that PCR was an independent contractor; that Ron Paar assured Foley that PCR was in the construction business and had expertise in repairing sidewalks; and that PCR had total control over the manner in which the repairs were to be performed and the date each sidewalk would be repaired. Defendant also relied on plaintiff's deposition testimony in which she admitted that she had no knowledge regarding whether defendant knew of any unfitness of PCR. The contract contained a guarantee that the work would be performed "in a substantial workmanlike manner." When the opponent of a summary judgment motion fails to controvert the proof offered in support of the motion, and the movant would be entitled to judgment as a matter of law, summary judgment is proper. *Blankenship*, 209 Ill. App. 3d at 924.

■ "One who employs an independent contractor is not liable for the latter's acts or omissions [citations] except where the principal orders or directs the acts causing the harm, negligently selects an incompetent contractor [citation], or retains control over the 'operative details of the contractor's work.' " (*Dvorak v. Primus Corp.*

(1988), 168 Ill. App. 3d 625, 633.) Plaintiff alleged that defendant failed to exercise reasonable care in the selection of the independent contractor. To succeed in that cause of action, plaintiff would be required to show that defendant negligently hired an independent contractor which it knew, or should have known, was unfit for the job so as to create a danger of harm to plaintiff. (*Huber v. Seaton* (1989), 186 Ill. App. 3d 503, 506.) More specifically, a plaintiff must establish "that a 'particular unfitness' of an applicant creates a danger of harm to a third person which the employer knew, or should have known, when he hired and placed this applicant in employment where he could injure others." (*Huber*, 186 Ill. App. 3d at 508.) In addition, there must be a connection between the particular unfitness and the negligent act of the independent contractor. *Huber*, 186 Ill. App. 3d at 508.

■ Plaintiff offered no evidence to support the allegation that defendant knew or should have known that PCR would not use warning devices to alert third parties to the danger of the dismantled sidewalk. Although plaintiff claims that her deposition testimony that she had no knowledge of the contractor's incompetence does not preclude her from offering evidence of his incompetence at trial, this argument is insufficient to avoid summary judgment. As the court in *Holland v. Arthur Andersen & Co.* (1991), 212 Ill. App. 3d 645, explained:

> "We also do not believe that the plaintiff can avoid a motion for summary judgment by alleging *** that further evidence might be forthcoming, or that the testimony of an expert *** might add to the plaintiff's response. The purpose of the summary judgment procedure is to avoid the needless expense and time of a full trial where there is no showing that the plaintiff has even a *prima facie* case. *** The plaintiff never asked for additional time for discovery on the issue ***. *** To allow the plaintiff to avoid the summary judgment stage of these proceedings by alluding to some vague and possible future evidence would be contrary to the purposes of a summary judgment motion." (*Holland*, 212 Ill. App. 3d at 652-53.)

Similarly, in the present case, plaintiff did not ask for more time to complete discovery and did not present any evidence in opposition to the affidavits of Terry Foley, the agent of defendant.

Since the alleged negligence was the result of the acts of an independent contractor, and plaintiff failed to present any evidence to raise an issue of fact regarding defendant's knowledge of the con-

tractor's unfitness, the trial court's entry of summary judgment for defendant was proper.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

BOWMAN and NICKELS, JJ., concur.