VINCENT JONES, Plaintiff-Appellant, v. TATYANA BEKER, Indiv. and d/b/a Beck's Auto Sales, *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—92—4215

Opinion filed March 30, 1994.

A.J. Hardiman, of Chicago, for appellant.

Paul J. Sarauskas and Michael Resis, both of Querrey & Harrow, Ltd., of Chicago, for appellee Tatyana Beker.

JUSTICE CERDA delivered the opinion of the court:

This appeal arises from a personal injury action. While standing on the side of the street, plaintiff, Vincent Jones, was struck by an automobile being driven by Tom McClennan. The automobile was owned by Jaime Alferes and was repossessed on behalf of defendants, Tatyana Beker and Beck's Auto Sales (Beck's). Summary judgment was entered in favor of defendants, Beker and Beck's, and the remaining defendants were voluntarily dismissed by plaintiff.

On appeal, plaintiff asserts that (1) summary judgment was improper because defendants should be held liable for the acts of the

repossessor, who was acting as defendants' agent when he committed a breach of the peace during the repossession; (2) the trial court erred in striking the police report and portions of a police officer's affidavit; (3) defendants should be held liable for hiring an unlicensed, incompetent repossessor; (4) defendants should be held strictly liable for the repossessor's action under the doctrine of ultrahazardous or abnormally dangerous activity; and (5) defendants should be held liable for the acts of the repossessor under the doctrine of negligent entrustment. Based on the following reasoning, we affirm.

In November 1986, Alferes bought an automobile from Beck's, which is co-owned by codefendant Beker, pursuant to an installment sales contract. Beck's retained a security lien in the automobile and a right of repossession.

After Alferes stopped making payments, Beker followed her standard procedure of contacting Condor Recovery to repossess the automobile. Beker called Max at Condor Recovery on April 8, 1987. She had gotten Max's name from other dealers and neighbors, but did not know his last name. Condor Recovery had previously repossessed six or seven automobiles for Beck's and was paid on a per-job basis. Beker had no knowledge regarding who actually repossessed the automobiles, but Max returned the automobiles after they had been repossessed. Beker did not direct or specify how or when the automobiles were to be repossessed. According to Beker, Tom McClennan had no relationship with Beck's and had no authority to repossess the automobile on its behalf.

On April 10, 1987, Beker was notified that Condor Recovery had repossessed the automobile. That day, Beker sent Alferes a notice of repossession. Two days later, plaintiff was injured when he was struck by the automobile, which was being operated by McClennan.

According to the affidavit of Mark Rzab, who was one of the investigating police officers, plaintiff was lying on top of the automobile roof in an injured state when Officer Rzab arrived at the accident scene. McClennan was intoxicated and was arrested for driving under the influence of alcohol and leaving the scene of an accident. Officer Rzab stated that McClennan told him that he was employed by B.J. Condor and the automobile was being repossessed by Beck's. A copy of the police report was attached to Officer Rzab's affidavit. The police report indicates that the report was prepared by other police officers. Officer Rzab's name does not appear on the two pages of the report, which contained information regarding McClennan's repossession of a vehicle.

Summary judgment was entered in favor of defendants, and plaintiff dismissed all remaining defendants. McClennan had died during the litigation.

Plaintiff argues on appeal that the trial court improperly struck those portions of Officer Rzab's affidavit that contained a copy of the police report and McClennan's statement that he was employed by Condor Recovery. For the following reasons, we find that the statements were not admissible in evidence and the trial court properly struck them from the affidavit.

■ We reject plaintiff's argument that the police report was not presented as a business record and should have been admitted as past recollection recorded. Although police reports are not admissible as substantive evidence because they constitute hearsay or state conclusions (*Baumgartner v. Ziessow* (1988), 169 Ill. App. 3d 647, 655, 523 N.E.2d 1010), they can be admissible for limited purposes, including as past recollection recorded. (*People v. Garrett* (1991), 216 Ill. App. 3d 348, 357, 576 N.E.2d 331.) However, for a police report to be admitted as past recollection recorded, (1) the witness must have no independent recollection of the occurrence or event recorded; (2) the report must fail to refresh the witness' recollection; (3) the facts in the report must have been recorded at the time of the occurrence or soon thereafter; and (4) the truth and accuracy of the report must be established. *Loughnane v. City of Chicago* (1989), 188 Ill. App. 3d 1078, 1082, 545 N.E.2d 150.

■ We conclude that the police report attached to Officer Rzab's affidavit cannot be admitted as past recollection recorded because it was based on Officer Rzab's independent recollection of the result of his investigation of the accident scene. Furthermore, it was not being used for impeachment or to refresh his recollection. In addition, the report does not contain any statement of the driver regarding the repossession of the vehicle, only information obtained from the investigation. As a result, the trial court properly struck the police report.

■ Plaintiff also argues that McClennan's statements to Officer Rzab were admissible as party admissions since McClennan was an agent of defendants. To support his position, plaintiff mistakenly relies on *City of Evanston v. Piotrowicz* (1960), 20 Ill. 2d 512, 519, which establishes that an alleged agent can be called as a witness for the purpose of establishing an agency. The issue, however, is not whether McClennan could be called as a witness, but whether his statement to Officer Rzab is admissible to establish the existence of an agency relationship. According to *Piotrowicz*, McClennan's statement is not admissible.

If the alleged principal is a party, mere statements of the alleged agent made out of the presence of the principal and not subsequently approved by him are not admissible to establish the existence of an

agency relationship. (*Piotrowicz*, 20 Ill. 2d at 518-19.) Furthermore, an agent cannot confer power on himself, and his agency or authority cannot be established by showing what he said or did. (*Wolf v. Liberis* (1987), 153 Ill. App. 3d 488, 493, 505 N.E.2d 1202.) The authority of an agent may come only from the principal and one must trace the source of an agent's authority to some act or word of the alleged principal. Courts will not presume the authority to bind a principal. (*Hofner v. Glenn Ingram & Co.* (1985), 140 Ill. App. 3d 874, 881, 489 N.E.2d 311.) As a result, we conclude that the trial court properly struck that part of Officer Rzab's affidavit that contains McClennan's statements.

■ We now consider the main issue, which is whether defendants are liable for McClennan's actions. The general rule in Illinois is that a principal is not liable for the acts of his independent contractor unless the act causing the injury was committed at the direction of the principal or the principal failed to use reasonable care in the selection of the independent contractor. *Kouba v. East Joliet Bank* (1985), 135 Ill. App. 3d 264, 267, 481 N.E.2d 325; *Lewis v. Mount Greenwood Bank* (1980), 91 Ill. App. 3d 481, 487, 414 N.E.2d 1079.

Nevertheless, plaintiff urges this court to find defendants liable for McClennan's actions on the basis that they ratified McClennan's alleged breach of peace by accepting the automobile's return after the repossession, which was not complete until the automobile was returned to defendants. We disagree.

■ Ratification of an unauthorized act is equivalent to an original authorization and confirms that which was originally unauthorized. (*Illinois Armored Car Corp. v. Industrial Comm'n* (1990), 205 Ill. App. 3d 993, 998, 563 N.E.2d 951.) Since the rationale behind the doctrine of ratification is that the person ratifying obtains a benefit through the actions of someone who is acting in his behalf with apparent or implied authority, then ratification will be found "[a]s long as the principal has full knowledge of the facts and has the choice of either accepting or rejecting the benefits of the transaction." *Swader v. Golden Rule Insurance Co.* (1990), 203 Ill. App. 3d 697, 704-05, 561 N.E.2d 99.

The facts of this case clearly establish that defendants did not ratify McClennan's actions against plaintiff. There was no evidence that the accident was related to the actual repossession or that defendants were aware of McClennan's actions. The record indicates only that the repossession occurred on April 10, 1987, and the accident occurred two days later. Furthermore, defendants did not obtain any benefit through McClennan's actions against plaintiff. Thus, we find that defendants did not ratify McClennan's actions.

■ We also find that defendants exercised reasonable care in their selection of Condor Recovery as its repossessor. (*Bear v. Power Air, Inc.* (1992), 230 Ill. App. 3d 403, 408, 595 N.E.2d 77.) To show that an employer failed to exercise reasonable care in the selection of an independent contractor, a plaintiff must show that the defendant negligently hired an independent contractor that it knew or should have known was unfit for the job so as to create a danger of harm to the plaintiff. (*DiMaggio v. Crossings Homeowners Association* (1991), 219 Ill. App. 3d 1084, 1090, 580 N.E.2d 615.) In addition, there must be a connection between the particular unfitness and the independent contractor's negligent act. *DiMaggio*, 219 Ill. App. 3d at 1090.

Plaintiff made no such showing in this case. His evidence consists of documents showing that Condor Recovery was not licensed under the Assumed Business Name Act (Ill. Rev. Stat. 1991, ch. 96, par. 0.01 *et seq.*), not licensed to be a repossessor in 1987, and not incorporated or licensed to transact business in Illinois. These documents are insufficient to raise a genuine issue of material fact that defendants negligently selected Condor Recovery. The lack of a license alone does not automatically make Condor Recovery unfit.

To hold an employer liable for negligently hiring an employee who was not licensed in his profession, plaintiff must establish sufficient facts to show the alleged statutory violation was proximately related to the negligent act. *Huber v. Seaton* (1989), 186 Ill. App. 3d 503, 507, 542 N.E.2d 464.

In *Huber v. Seaton*, the plaintiff alleged that the defendant negligently hired a plumber when he knew or should have known that the person was not a licensed plumber as required by statute. The court held that the plaintiff failed to establish sufficient facts to show the alleged statutory violation was proximately related to the negligent act (the propane torch valve left open). The court stated that there was no evidence showing that a person may not operate a propane torch without a plumber's license and held that lack of a plumber's license was not proximately related to the alleged negligent acts with the propane torch. *Huber*, 186 Ill. App. 3d at 507.

In this case, there were no alleged facts showing that a person was required to hold a license as a repossessor before he could drive a motor vehicle. Plaintiff failed to establish any facts to show that not being licensed to repossess was proximately related to McClennan's negligent acts. *Escobar v. Madsen Construction Co.* (1992), 226 Ill. App. 3d 92, 94, 589 N.E.2d 638.

In addition, there is no other evidence in the record indicating that Condor Recovery was unfit for the job so as to create a danger of harm to plaintiff. Even though Condor Recovery was not licensed as

a repossessor, it had been recommended by other car dealers and neighbors. Moreover, defendants had previously used Condor Recovery to repossess vehicles and were satisfied with its services. Therefore, we conclude that defendants are not liable under the theory of negligent hiring.

■ Next, plaintiff asserts that defendants should be held strictly liable for McClennan's actions under the doctrine of ultrahazardous or abnormally dangerous activity, which confers liability on an authorizing entity once a court finds that an activity is inherently dangerous and that activity is authorized by an entity, but performed by an independent contractor.

This argument lacks merit. Illinois courts have held that "[t]he term 'inherently dangerous' means that type of danger which inheres in the instrumentality or condition itself at all times, thereby requiring special precautions to be taken with regard to it to prevent injury." (*Bear*, 230 Ill. App. 3d at 409.) Even though all activity involves some risk or exposure of risk to others, it is only where the work is inherently dangerous or a probable source of injury to others that an employer may not delegate the duty to take precautions to an independent contractor. *Bear*, 230 Ill. App. 3d at 409.

Defendants are not liable for McClennan's acts under this doctrine. Repossession of an automobile, which involves driving an automobile, is not an ultrahazardous or abnormally dangerous activity. *White v. Seitz* (1930), 342 Ill. 266, 269, 174 N.E. 371.

■ Finally, plaintiff asserts that defendants should be held liable for entrusting the automobile to an unlicensed repossessor. To be held liable for negligently entrusting an automobile to a person who causes injuries while driving the automobile, the owner must knowingly entrust his automobile to an incompetent or unfit driver and that incompetency or unfitness must be a proximate cause of the accident that injured the third party. (*Pelczynski v. J.W. Peters & Sons, Inc.* (1989), 178 Ill. App. 3d 882, 886, 533 N.E.2d 1137.) As we have previously discussed, there was no evidence that Condor Recovery was incompetent or unfit to repossess automobiles or that defendants' entrustment to Condor Recovery was a proximate cause of the accident that injured plaintiff.

Based on the foregoing, the circuit court judgment is affirmed.

Affirmed.

TULLY, P.J., and RIZZI, J., concur.