JOHN R. ONION, Plaintiff-Appellee, v. CHICAGO AND ILLINOIS MID-LAND RAILWAY COMPANY, Defendant-Appellant.

Fourth District   No. 4—89—0275

Opinion filed November 30, 1989.

Graham & Graham, of Springfield (Charles E. Holt, of counsel), for appellant.

William H. Knuppel, of Boggs & Knuppel, P.C., of Havana, for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

Defendant, Chicago and Illinois Midland Railway Company, appeals (1) the trial court's decision to give a jury instruction on pain and suffering, and (2) the trial court's refusal of an instruction on the nontaxability of the jury award.

Plaintiff, John R. Onion, a railroad employee, brought a personal injury action against his employer, the defendant, pursuant to the Federal Employers' Liability Act (FELA) (45 U.S.C. §51 *et seq.* (1982)). Over defendant's objection the trial court decided not to instruct the jury that any damages awarded to plaintiff would not be subject to income tax. Defendant similarly objected to the court's decision to instruct the jury that it may consider plaintiff's future pain and suffering. Defendant claims that no evidence of plaintiff's pain and suffering was presented at trial.

■ The trial court's decision to give or to refuse a jury instruction must be affirmed if the court's decision was correct on any ground. A correct decision must be affirmed even if based on an incorrect reason. *Kingston v. Turner* (1987), 115 Ill. 2d 445, 455-56, 505 N.E.2d 320, 324; *Pioneer Hi-Bred Corn Co. v. Northern Illinois Gas Co.* (1975), 61 Ill. 2d 6, 14, 329 N.E.2d 228, 231.

■ ■ The United States Supreme Court dealt with the issue of whether it was error to refuse to instruct a jury on the nontaxability of the jury's award in *Norfolk & Western Ry. Co. v. Liepelt* (1980),

444 U.S. 490, 62 L. Ed. 2d 689, 100 S. Ct. 755. Specifically, the Court stated:

"Although the law is perfectly clear, it is entirely possible that the members of the jury may assume that a plaintiff's recovery in a case of this kind will be subject to federal taxation, and that the award should be increased substantially in order to be sure that the injured party is fully compensated. The Missouri Supreme Court expressed the opinion that 'it is reasonable to assume the average juror would believe [that its verdict will] be subject to such taxes.' *Dempsey v. Thompson*, 363 Mo. 339, 346, 251 S.W.2d 42, 45 (1952)." *Liepelt*, 444 U.S. at 496-97, 62 L. Ed. 2d at 695, 100 S. Ct. at 759.

The Court further held:

"[I]t was error to refuse the requested instruction in this case. That instruction was brief and could be easily understood. It would not complicate the trial by making additional qualifying or supplemental instructions necessary. It would not be prejudicial to either party, but would merely eliminate an area of doubt or speculation that might have an improper impact on the computation of the amount of damages." *Liepelt*, 444 U.S. at 498, 62 L. Ed. 2d at 696, 100 S. Ct. at 759-60.

*Liepelt* was brought pursuant to the FELA and concerned a wrongful death claim. However, *Liepelt* is not limited to wrongful death cases. See *Oltersdorf v. Chesapeake & Ohio R.R. Co.* (1980), 83 Ill. App. 3d 457, 404 N.E.2d 320, where the holding in *Liepelt* was applied to an FELA personal injury action. Both *Liepelt* and *Oltersdorf* held that the trial court's failure to give this instruction warranted reversal. *Oltersdorf*, 83 Ill. App. 3d at 464, 404 N.E.2d at 325.

Although FELA actions may be brought in either State or Federal court, Federal law controls as to instructions on damages. (*Liepelt*, 444 U.S. at 493, 62 L. Ed. 2d at 693, 100 S. Ct. at 757.) However, cases based solely on Illinois law are not entitled to a *Liepelt* instruction. *Klawonn v. Mitchell* (1985), 105 Ill. 2d 450, 456, 475 N.E.2d 857, 860.

Since the instant case is based on Federal law, the *Liepelt* instruction should have been given to the jury. The trial court's failure to do so was reversible error.

■ The second issue on appeal concerns the trial court's decision to instruct the jury as to the plaintiff's future pain and suffering. "Some evidence" on this point from either an expert or a layperson warrants the giving of a jury instruction. (*Harvey v. Norfolk & Western Ry. Co.* (1979), 73 Ill. App. 3d 74, 81, 390 N.E.2d 1384, 1388;

*McNealy v. Illinois Central R.R. Co.* (1963), 43 Ill. App. 2d 460, 475, 193 N.E.2d 879, 888.) The testimony regarding plaintiff's future pain and suffering is as follows:

"Q. Now from January fourth to the time you returned to work, how many of those days would you say you experienced pain as compared to days you didn't experience pain?

A. Every one of them.

Q. And how would you describe the severity of the pain you experienced?

A. It slowly kept getting worse.

Q. And where did you have the pain?

A. In the back of my neck, my shoulders and in my left arm.

Q. Is there anything about the accident you sustained on January 4, 1987, that still [a]ffects you here today?

A. Yes, it does.

Q. In what way?

A. Well one when I sit. My arm, my fingers, the back of my arm, right in through here, most of this finger, and back side of this will start getting numb.

Q. What else, if anything[?]

A. After sitting for a while I get burning in the back of my neck.

Q. Where about exactly?

A. Right toward the base of my neck and in my shoulder."

Plaintiff later testified to the following:

"Q. Mr. Onion do you use your back, neck and left arm the same as you did prior to January 4, 1987?

A. No, I don't. I take it a lot easier now than what I use to.

Q. Why is that?

A. Any heavy lifting now or anything that I do that [is] strenuous causes a pain in my neck, causes numbness [to] start in my left arm and in my two fingers."

In addition, defendant's expert, John Meyer, M.D., testified as follows:

"Q. Doctor there are many back and neck injuries that manifest themselves for months and months and even years in some people, isn't that correct?

A. That is possible.

Q. And in between the times that they show up, people appear to be in pretty good shape, don't they?

A. That is conceivable. I would imagine. Usually by the

time they get well for any period of time it is usually another injury.

Q. It is easy to reinjure yourself after you have [been] hurt.

A. It is possible.

Q. In fact he has had back and neck injuries in the past.

A. He did.

Q. It wouldn't be hard to believe Mr. Onion's back and neck would be subject to reinjury?

A. That is possible."

Illinois case law provides very little guidance as to the degree of proof that constitutes "some evidence" required for a pain and suffering instruction. In two decisions, expert testimony as to the permanence of the pain caused by the accident was held to meet this standard. *Harvey*, 73 Ill. App. 3d at 81, 390 N.E.2d at 1388; *McNealy*, 43 Ill. App. 2d at 475, 193 N.E.2d at 888.

The only expert testimony which clearly addresses the permanence of plaintiff's injury is Dr. Meyer's testimony that reinjury of plaintiff's back and neck was possible. Nonexpert testimony concerning plaintiff's future pain and suffering was elicited from plaintiff himself. Illinois law does not require that the evidence supporting a jury instruction on future pain and suffering be only in the form of expert testimony, and we see no reason to change this rule of law. Jurors are capable of properly evaluating a plaintiff's testimony as to pain and suffering, and they will no doubt take into account a plaintiff's interest in the outcome of the lawsuit as well as a plaintiff's lack of technical expertise on what his or her future physical condition, and related pain, may be.

■ Therefore, we hold that based on both plaintiff's and Dr. Meyer's testimony, "some evidence" of plaintiff's future pain and suffering was presented at trial. The trial court's decision to give the jury this instruction was not an abuse of discretion.

Accordingly, the judgment in favor of plaintiff and against respondent is affirmed, the award of damages is reversed, and this cause, in accordance with the views expressed in this opinion, is remanded for retrial solely on the issue of damages.

Affirmed in part; reversed in part and remanded with directions.

McCULLOUGH, P.J., and KNECHT, J., concur.