MAXINE MOLITOR et al., Plaintiffs-Appellees, v. MARY B. JAIMEY-FIELD, Defendant-Appellant.

Second District   No. 2—92—1153

Opinion filed November 2, 1993.

Keely Truax, of Parrillo, Weiss & O'Halloran, of Chicago, for appellant.

Jill L. Olson, of Gooding & Goblet, of Aurora, and Bernard J. Hennessy, of Chicago, for appellee Maxine Molitor.

William A. Delaney II, of Lindner, Speers & Reuland, P.C., of Aurora, for appellee Rosetta Russell.

JUSTICE QUETSCH delivered the opinion of the court:

Defendant, Mary Jaimeyfield, appeals the judgment of the circuit court entered on jury verdicts in favor of plaintiffs, Maxine Molitor and Rosetta Russell. Defendant contends that the court erred (1) in barring questioning concerning Russell's prior injuries and (2) instructing the jury concerning damages for Molitor's future pain and medical expenses when there was insufficient evidence of permanency to warrant the instruction.

On June 5, 1990, Russell was a passenger in an automobile being driven by Molitor when it was rear-ended by defendant's car. Both Russell and Molitor sustained back injuries. They each filed a complaint against defendant, who filed a counterclaim for contribution against Molitor. The court consolidated the cases for trial. Defendant reached a good-faith settlement with Molitor and dismissed her counterclaim with prejudice.

On the day of trial, Russell moved *in limine* to bar evidence regarding her prior injuries. In response to the motion, defense counsel

argued that Russell had testified at her deposition that she had previously injured her low back in a 1989 slip and fall and in a 1987 auto accident and that Russell had answered interrogatories in the present case claiming neck and back strain from the 1990 accident. Russell's attorney did not dispute that she had previously injured her back, but contended that no proof existed that there was any connection between the injuries or that they were to the same part of the body. The court granted Russell's motion.

In an evidence deposition read to the jury, William Mollohan testified that he treated Russell on June 5, 1990. Russell complained of low back pain following an auto accident. He diagnosed her condition as acute lumbar muscle strain and prescribed treatment for that condition. On September 10, 1990, he saw Russell again and diagnosed her condition as recurrent low back muscle strain.

In a portion of the deposition which was not read to the jury, Mollohan testified that he was not told that Russell had prior injuries, but that this information would have been important to his treatment.

The deposition of Handel Metcalf, Molitor's chiropractor, was also read to the jury. He treated her between June 8 and October 17, 1990, but had not seen her since the latter date. He initially diagnosed her injury as post-traumatic cervical strain. He opined, based on a reasonable degree of chiropractic certainty, that Molitor "would most likely continue to experience some level of exacerbation from time to time" and might need additional care for the injuries sustained. It was "exceedingly difficult" for him to determine whether the injury was permanent, since he had not seen her for some time, but it was his opinion that she would "continue to experience some level of reoccurrences for a period of time." Based on her physical condition at the time of her last office visit, he opined that some form of further care would "most likely" be needed. Molitor might require one to two office visits per month at a cost of $150 per month.

At the instructions conference, Molitor tendered instructions seeking damages for future pain and suffering and future medical expenses. Over defendant's objection, the court gave these instructions.

The jury returned verdicts in favor of Molitor for $11,700.94 and in favor of Russell for $14,359.25. Molitor's verdict included $3,000 for past and future pain and suffering and $4,280.94 for past and future medical expenses. The court entered judgment on the verdicts and denied defendant's post-trial motion. Defendant then perfected this appeal.

■ Defendant first contends that the court erred in barring evidence concerning Russell's prior injuries. Defendant argues that the

court improperly required defendant to establish a connection between the two injuries. She maintains that such a connection is unnecessary where the injuries are to the same part of the body. Russell responds that defendant waived this issue by failing to make an adequate offer of proof and has therefore failed to demonstrate prejudice from the exclusion of the evidence.

Generally, evidence of a prior injury to the same part of the body for which damages are being sought is admissible without proof of a causal connection between the injuries. (*O'Brien v. Thomas Steel Corp.* (1989), 181 Ill. App. 3d 901, 904; *Palsir v. McCorkle* (1966), 70 Ill. App. 2d 425, 430-31.) However, there must be some evidence of the nature, extent, duration or treatment of the previous injury. *Tisoncik v. Szczepankiewicz* (1983), 113 Ill. App. 3d 240, 243.

Russell contends that defendant failed to make an adequate offer of proof on this issue. A party cannot complain of the failure to admit evidence without showing what that evidence would be in order to allow the court to assess the prejudice to the complaining party. While a statement of counsel may be an acceptable offer of proof, the informal offer must be specific, or the error will not be preserved. An informal offer which merely summarizes the witness' expected testimony in a conclusional manner does not preserve the error. *Healy v. Bearco Management, Inc.* (1991), 216 Ill. App. 3d 945, 957; *Mulhern v. Talk of the Town, Inc.* (1985), 138 Ill. App. 3d 829, 834.

In the instant case, defendant's offer of proof was inadequate to preserve the issue for review. At the hearing on the motion *in limine*, defense counsel merely stated that Russell had previously injured her "low back" in a fall down the stairs and in a 1987 auto accident. Counsel referred to plaintiff's deposition, but never tendered the deposition to the court nor sought to call Russell as a witness to make an offer of proof. Russell's deposition is not included in the record on appeal. Thus, while the record shows that Russell previously injured her low back, there is no indication of the extent or duration of the injury, the treatment she received, if any, or whether the injury continued to bother her at the time of the 1990 accident. Due to the lack of a sufficient record, we can only speculate whether defendant was prejudiced by the failure to admit evidence of the prior injuries. Defendant has failed to establish any reversible error.

■ Defendant next contends that the court erred by instructing the jury concerning damages for Molitor's future pain and medical expenses. Defendant contends that Dr. Metcalf's testimony concerning the permanency of Molitor's injury was equivocal and was based on an examination which occurred 18 months prior to trial. Molitor re-

sponds that an expert's opinion need not be based on absolute certainty and that any weaknesses in Metcalf's opinion were properly left for the jury's resolution.

Testimony of a medical expert need not be based on absolute certainty, but only on a reasonable degree of medical certainty. (*Hunter v. Chicago & North Western Transportation Co.* (1990), 200 Ill. App. 3d 458, 473; *Roman v. City of Chicago* (1985), 134 Ill. App. 3d 14, 21.) A doctor may testify concerning the progressive nature of an injury based upon his examination of the plaintiff and her medical history. If the defendant believes this is a weak basis for testimony regarding future medical problems, he can argue this to the jury. *Roman*, 134 Ill. App. 3d at 20.

In *Roman*, a doctor's opinion that plaintiff "will" need surgery within 10 years was admissible and was not unduly speculative. (*Roman*, 134 Ill. App. 3d at 20.) In *Zitzmann v. Miller* (1990), 194 Ill. App. 3d 477, 484, a doctor's testimony that future treatment at a pain clinic was a "strong possibility" was admissible as evidence of future damages.

In this case, Dr. Metcalf testified that he believed, within a reasonable degree of chiropractic certainty, that Molitor would continue to experience pain and would likely need future treatment. This opinion was admissible. The facts that his last examination of plaintiff occurred 18 months before trial and that plaintiff had not sought treatment from him after that date went only to the weight of the evidence, not its admissibility. These facts were before the jury and it could rely on them along with the other facts and circumstances in evaluating Dr. Metcalf's opinion.

We note that the verdict forms used below combined the amounts for past and future pain and medical expenses. Thus we have no way of knowing whether the jury awarded anything for future damages. However, the amount awarded Molitor for medical expenses is exactly the amount of medical bills she submitted for expenses already incurred. It does not appear that the jury awarded her any amount for future medical expenses. Therefore, even if the admission of the testimony was error, defendant has not established prejudice.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

McLAREN and DOYLE, JJ., concur.