COLLIS MADDOX, Plaintiff-Appellee, v. EDWARD S. ROZEK, Defendant-Appellant.

First District (4th Division)   No. 1—93—1835

Opinion filed August 11, 1994.

1008

Wein & Associates, P.C., of Chicago (Arthur Z. Handelman, of counsel), for appellant.

Jeffrey D. Schultz, of Chicago (Martin J. O'Hearn, of counsel), for appellee.

JUSTICE CAHILL delivered the opinion of the court:

The defendant appeals the decision of the trial court to instruct the jury on the future pain and suffering of the plaintiff even though expert testimony was not introduced in support. The jury signed a verdict form that awarded the plaintiff $10,000 for past and future pain and suffering. We hold that the nature of the plaintiff's injury requires expert testimony to support an instruction on future pain and suffering and reverse for a new trial on damages.

Collis Maddox and Edward Rozek were involved in an automobile accident. Maddox sued Rozek for injuries, and the case was assigned to mandatory arbitration. The arbitrator ruled in plaintiff's favor, Rozek filed a rejection of the award, and the case was tried before a jury.

There is no trial transcript. The parties stipulate that plaintiff testified to the following at trial: (1) the morning after the accident, Maddox woke up with pain in his left shoulder and back; (2) he was hospitalized five days for treatment of his injuries; (3) he received eight follow-up treatments for his injuries; (4) the treatments "somewhat relieved" his symptoms; (5) his medical bills totalled $3,181.60; (6) he lost $1,437.04 in wages; and (7) "his left shoulder periodically still hurts, he has upper back pain every day and his lower back stiffens up when he has to sit for long periods of time which occurs every day he has to work as a CTA bus driver," and "every day he has pain in his upper and lower back and periodically his shoulder."

Maddox introduced an official United States Government Life Ex-

pectancy Chart over objection, which showed he could be expected to live another 26.5 years.

No expert testimony was offered on the issue of future pain and suffering.

Plaintiff tendered four jury instructions which address permanence of the injury and future pain and suffering. Essentially, these instructions told the jury that if defendant was held liable, it could award plaintiff damages for the pain and suffering he was reasonably likely to experience in the future. The jury was also instructed that if it found the pain and suffering to be permanent and continuing in nature, it could award damages for pain and suffering based upon life expectancy. Defendant objected, arguing that the instructions were not supported by the evidence, since there was no expert testimony to support the claim of future pain and suffering. The judge overruled the objection.

The jury returned the following verdict for the plaintiff: $3,000 for reasonable medical care, $1,400 for lost earnings, and $10,600 for pain and suffering "experienced and reasonably certain to be experienced in the future."

Defendant first contends that the trial judge erred by denying a motion for a new trial because the jury should not have been instructed on future pain and suffering in the absence of expert testimony. He also contends that admitting the life expectancy chart was error because it implicitly lent credibility to an award for future pain and suffering.

●1 We begin with the general rule that a litigant is entitled to an instruction on a theory of recovery if there is "some evidence" in the record to support it. (*Lundquist v. Nickels* (1992), 238 Ill. App. 3d 410, 605 N.E.2d 1373.) Evidence of future pain and suffering requires a showing that it is reasonably certain to occur in the future. *Molitor v. Jaimeyfield* (1993), 251 Ill. App. 3d 725, 622 N.E.2d 1250; see also *Caley v. Manicke* (1961), 29 Ill. App. 2d 323, 173 N.E.2d 209 (instruction on future pain and suffering cannot be based on speculative testimony), *rev'd on other grounds* (1962), 24 Ill. 2d 390, 182 N.E.2d 206.

Illinois courts have accepted the view that lay testimony alone, or the nature of an injury, can support an instruction on future pain and suffering. In *A.O. Smith Corp. v. Industrial Comm'n* (1977), 69 Ill. 2d 240, 371 N.E.2d 607, an employee's testicles were crushed in a work accident. Although no expert evidence was offered to show that the plaintiff's injury was permanent, the court held: "[T]he general rule is that direct expert evidence is not essential to establish the permanency or future effects of an injury. These conditions may be

inferred from the nature of the injury alone." *Smith*, 69 Ill. 2d at 245.

We have let stand instructions on future pain and suffering not supported by expert testimony in several cases. (See *Burnett v. Caho* (1972), 7 Ill. App. 3d 266, 285 N.E.2d 619; *Warp v. Whitmore* (1970), 123 Ill. App. 2d 157, 260 N.E.2d 45; *Read v. Friel* (1946), 327 Ill. App. 532, 64 N.E.2d 556.) In *Burnett*, the plaintiff lost an eye while erecting a wire fence. Neither the plaintiff nor an expert testified that the plaintiff was likely to suffer future pain and suffering as a result of the injury. The plaintiff did, however, remove his artificial eyeball in front of the jury. (*Burnett*, 7 Ill. App. 3d at 270-72.) The court held: "[i]f the injury is of an objective nature, the jury may draw their conclusions as to future pain and suffering from that fact alone." (*Burnett*, 7 Ill. App. 3d at 276.) In *Warp* and *Read*, the courts did not state a rule or cite authority for their holdings.

More recently, in *Onion v. Chicago & Illinois Midland Ry. Co.* (1989), 191 Ill. App. 3d 318, 547 N.E.2d 721, a case upon which plaintiff relies, a railroad worker sued his employer for an injury suffered on the job. The defense objected to an instruction on the grounds that no evidence of future pain and suffering was presented to the jury. The plaintiff had testified to past and current pain. His expert testified to permanent neck and back injuries. *Onion*, 191 Ill. App. 3d at 319-21.

The trial court allowed the instruction and the appellate court affirmed. The court stated: " 'Some evidence' on [future pain and suffering] from *either an expert or a layperson* warrants the giving of a jury instruction." (Emphasis added.) *Onion*, 191 Ill. App. 3d at 320.

Later in the opinion, the court held: "[W]e hold that based on *both* plaintiff's and Dr. Meyer's testimony, 'some evidence' of plaintiff's future pain and suffering was presented at trial." (Emphasis added.) (*Onion*, 191 Ill. App. 3d at 322.) The court went on to say:

> "Illinois law does not require that the evidence supporting a jury instruction on future pain and suffering be only in the form of expert testimony, and we see no reason to change this rule of law. Jurors are capable of properly evaluating a plaintiff's testimony as to pain and suffering, and they will no doubt take into account a plaintiff's interest in the outcome of the lawsuit as well as a plaintiff's lack of technical expertise on what his or her future physical condition, and related pain, may be." *Onion*, 191 Ill. App. 3d at 322.

Several later cases have cited *Onion* for the rule that the plaintiff's testimony alone can justify a future pain and suffering

instruction. (See, *e.g.*, *Young v. Hummel* (1991), 216 Ill. App. 3d 303, 309, 576 N.E.2d 1072, 1075-76; *Ross v. Aryan International, Inc.* (1991), 219 Ill. App. 3d 634, 648, 580 N.E.2d 937; *Pourchot v. Commonwealth Edison Co.* (1992), 224 Ill. App. 3d 634, 637, 587 N.E.2d 589.) But, in each of these cases, an expert testified to future pain and suffering along with the plaintiff.

A survey of the law in other jurisdictions yields the following: Where future pain and suffering can be objectively determined from the nature of an injury, the jury may be instructed on future pain and suffering based on lay testimony alone or even in the absence of any testimony on the subject. Where future pain and suffering is not apparent from the injury itself, or is subjective, the plaintiff must present expert testimony that pain and suffering is reasonably certain to occur in the future to justify the instruction. (31A Am. Jur. 2d *Expert and Opinion Evidence* § 271 (1989); 22 Am. Jur. 2d *Damages* § 969 (1988); 25A C.J.S. *Damages* § 162(9)(b) (1966); 18 A.L.R.3d 10 (1968).) Although some States subscribe to the rule that expert testimony is always required (*Lucas v. State Farm Mutual Automobile Insurance Co.* (1962), 17 Wis. 2d 568, 117 N.W.2d 660), more States apply the objective-subjective distinction. *Mariner v. Marsden* (Wyo. 1980), 610 P.2d 6; see, *e.g.*, *Sierra Pacific Power Co. v. Anderson* (1961), 77 Nev. 68, 358 P.2d 892; *Kaltenheuser v. Sesker* (1963), 255 Iowa 110, 121 N.W.2d 672; *Rigdon v. Williams* (1974), 132 Ga. App. 176, 207 S.E.2d 591; *Smith v. Hamm* (1950), 314 Ky. 339, 235 S.W.2d 437; *Clark v. Village of Hemingford* (1947), 147 Neb. 1044, 26 N.W.2d 15; *Pine v. Rogers* (1938), 182 Okla. 276, 77 P.2d 542.

•2 In our view, a rule that requires the trial court to employ an objective-subjective test to determine if expert testimony is required acknowledges the weight of authority and is a prudent safeguard in jury trials.

The application of this rule to the present case remains. Plaintiff testified that his shoulder periodically hurts and his back hurts every day. Plaintiff did not testify that he expected his pain to continue in the future. There is no evidence in the record that plaintiff was noticeably in pain at trial, or that he demonstrated to the jury his inability to perform a task. We see no objective manifestations in this record of plaintiff's injury upon which the jury could base an award. *Huss v. Vande Hey* (1965), 29 Wis. 2d 34, 138 N.W.2d 192 (back and neck injuries are such that expert testimony is necessary to justify an instruction on future pain and suffering).

The verdict form in this case was drafted in a way that the jury awarded $10,000 for both past and future pain and suffering. Because we cannot determine how much the jury awarded for future pain and

1012

suffering, we reverse. A new trial on liability is not required. We remand for a new trial on damages only.

Reversed and remanded.

HOFFMAN, P.J., and JOHNSON, J., concur.