Luis REBOLLEDO, Plaintiff,

v.

**HERR–VOSS CORPORATION,**
a foreign corporation,
Defendant.

No. 98 C 6700.

United States District Court,
N.D. Illinois,
Eastern Division.

June 22, 2000.

Sheldon Hodes, Bernard Davis & Associates, Chicago, IL, for plaintiff.

Martin D. Snyder, Williams & Montgomery, Ltd., Chicago, IL, Dennis Alberts, Bryan Cermak, Ogne, Alberts & Stuart, P.C., Troy, MI, for defendant.

### *ORDER*

ALESIA, District Judge.

Plaintiff Luis Rebolledo ("plaintiff") was injured while working on a machine manufactured by the defendant Herr–Voss Corporation ("defendant"). Plaintiff has brought this products liability action against defendant based upon the theory of negligent product design. Currently before the court are (1) plaintiff's motion *in limine* and (2) defendant's five motions *in limine*. The court addresses each motion in turn.

### A. *Plaintiff's Motion in Limine*

Plaintiff has brought a motion *in limine* which consists of fourteen numbered paragraphs, each seeking to exclude certain topics from evidence. Plaintiff claims that these topics are inadmissible because, if defendant was allowed to offer evidence relating to these topics, such evidence would be improper and prejudicial to plaintiff. Defendant responds to only those paragraphs numbered 6, 7, 10, and 12. Thus, the court will treat that portion of plaintiff's motion *in limine* numbered 1–5, 8–9, 11, and 13–14 as agreed. Accordingly, plaintiff's motion *in limine* is granted as to paragraphs 1–5, 8–9, 11, and 13–14. The court will address each of the remaining paragraphs below.

#### 1. *Paragraph # 6*

■ Plaintiff seeks to exclude from evidence any argument by the defendant that plaintiff is seeking more money than he expects to win. The argument that plaintiff is seeking more money than he expects to win is improper. *See Kallas v. Lee,* 22 Ill.App.3d 496, 317 N.E.2d 704, 710 (1974). Accordingly, the court grants

plaintiff's motion *in limine* with respect to paragraph # 6. However, defendant is entitled to state what the amount of compensation he deems proved, if any, under the evidence. *See id.* The court may, therefore, allow defendant to make such an argument if, during the course of the trial, plaintiff fails to produce any evidence which supports the relief he is seeking. *Id.* Further, defendant is permitted to ask the jury to use reason in assessing the amount of damages. *Rockwood v. Singh,* 258 Ill.App.3d 555, 196 Ill.Dec. 708, 630 N.E.2d 873, 877 (1994). The granting of this motion *in limine* will not preclude defendant from making such an argument. The defendant may, of course, argue to the jury that if it finds no liability against the defendant, it need not consider the issue of damages at all.

#### 2. *Paragraph # 7*

■ Plaintiff seeks to exclude any argument that a judgment in favor of plaintiff would create a financial hardship for defendant. Specifically, this motion seeks to prevent defendants from even "implying that any judgment entered against the defendant would have any effect on the defendant or present any financial burden on the defendant, the jury, or any other person or entity." (Pl.Mot. *in Limine* # 7). Defendant argues that this motion is too broadly worded and, as such, would prevent defendants from even referring to the amount of damages and, consequently, hinder its ability to present a proper closing argument.

■ Defendant will not be permitted to offer evidence or argument which explicitly states that a judgment against it would cause financial harm or burden. Such evidence is not relevant and would only appeal to the sympathy of the jury. *See* Fed.R.Evid. 403. Thus, evidence or argument that explicitly states that a judgment in favor of plaintiff would financially harm the defendant is inadmissible.[1] *See Lago-*

---

1. In his motion *in limine,* plaintiff also seeks to exclude any argument that a judgment

*ni v. Holiday Inn Midway*, 262 Ill.App.3d 1020, 200 Ill.Dec. 283, 635 N.E.2d 622, 631–32 (1994). Accordingly, the court grants plaintiff's motion *in limine* with respect to paragraph #7 to the extent that it seeks to exclude explicit reference or argument to financial harm to the defendant or jury.

However, defendant has a right to argue any evidence presented and all reasonable inferences from that evidence. *See Lecroy v. Miller*, 272 Ill.App.3d 925, 209 Ill.Dec. 439, 651 N.E.2d 617 (1995). The court assumes that plaintiff intends to present evidence relating to damages and, therefore, defendant has a right to make reasonable arguments based upon that evidence. To the extent that the evidence supports reasonable arguments or inferences made regarding the amount of damages, the court will allow defendant to present such arguments. *See Lagoni*, 200 Ill.Dec. 283, 635 N.E.2d at 631 (holding that not every reference to a party's financial status is impermissible). The granting of this motion *in limine* will not preclude defendant from presenting such arguments.

### 3. *Paragraph #10*

█ Plaintiff seeks to prevent defendant from asking plaintiff to stipulate to evidence or facts in the presence of the jury. Defendant objects to this portion of the motion *in limine*, claiming that all stipulations between the parties have already been made in the parties' Joint Final Pre-trial Order. The parties have already agreed on stipulations as stated in the Joint Pre-trial Order. However, during the course of the trial, a new issue could arise to which a party may wish to stipulate. Any newly-proposed stipulations that arise during the course of the trial must be made outside the presence of the jury. Accordingly, the court grants plain-

tiff's motion *in limine* with respect to paragraph #10.

### 4. *Paragraph #12*

Plaintiff seeks to prevent defendant from tendering any demonstrative exhibits in the presence of the jury. Defendant argues that all of the parties' exhibits—and any objections to such exhibits—were listed within the Joint Pre-trial Order and, consequently, this motion *in limine* is unnecessary.

Under Local Rule 16.1, the parties are required to submit, with the Joint Pre-trial Order, all documents which they intend to introduce into evidence. *See* Loc.R. 16.1(a). Further, the Joint Pre-trial Order is required to include any demonstrative evidence and experiments to be offered at trial. *See* U.S.Dist.Ct., N.D.Ill., Model FPTO 2(c). Both parties submitted their lists of exhibits and both parties were able to object to the other's exhibits. The court will consider the admissibility of the disclosed exhibits prior to trial. However, as the admissibility of some exhibits may turn on the testimony of certain witnesses, the court may make that determination during the course of trial. Plaintiff can make the appropriate objections at that time. Further, in his current motion, although plaintiff is aware of defendant's proposed exhibits, he fails to mention any specific objections he has to certain exhibits, nor does he challenge the admissibility, the relevance or the authenticity of any of defendant's proposed exhibits. Thus, plaintiff has failed to show how he would be prejudiced if this motion were denied at this time. Accordingly, plaintiff's motion *in limine* with respect to paragraph #12 is denied. Objections to exhibits not listed in the Joint Pre-trial Order may be made at trial.

In sum, the court grants in part and denies in part plaintiff's motion *in limine*.

---

would cause financial harm to the jury or any entity. Although the court doubts that such an argument would be made, the defendant is, likewise, prohibited from offering evidence

or argument relating to financial harm to the members of the jury or any entity as such argument would be prejudicial to plaintiff. *See* FED.R.EVID. 403.

The motion *in limine* is denied with respect to paragraph numbered 12. The motion is granted in all other parts.

### B. *Defendant's Motions in Limine*

Defendant Herr–Voss Corporation has brought five motions *in limine*. The court will address each motion in turn.

### 1. *Defendant's Motion in Limine # 1*

■ Defendant's motion *in limine* # 1 seeks to bar plaintiff's expert from testifying as to defendant's knowledge, collaboration, or approval of the re-location of the pinch roll stand away from the "in-running" side of the Herr–Voss Slitter. Defendant argues that this conclusion, drawn by plaintiff's expert, is only a guess and, therefore, plaintiff's expert should not be allowed to testify to that opinion. Plaintiff, on the other hand, argues that the expert has a basis for that opinion and that this is a question of weight, not admissibility. The court agrees with plaintiff.

■ Although the court serves a gate-keeping function, the court's focus is on the expert's methodology, while the "soundness of the factual underpinnings of the expert's analysis and the correctness of the expert's conclusions based on that analysis are factual matters to be determined by the trier of fact." *Smith v. Ford Motor Co.*, 215 F.3d 713, ——, 2000 WL 709895, at *3 (7th Cir.2000) (citing *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579, 595, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)). It is not the court's role to decide whether an expert's opinion is correct. *Id.* In this case, plaintiff's expert has formed an opinion as to defendant's knowledge or involvement in the movement of the pinch-roll stand. It is not this court's job to determine whether this opinion is correct—it is the defendant's job to attack the validity of that opinion on cross-examination. Thus, the expert can testify as to his opinions. Accordingly, the court denies defendant's motion *in limine* # 1.

### 2. *Defendant's Motion in Limine # 2*

■ Defendant seeks to bar plaintiff from offering the testimony of Dr. Richard Shermer ("Dr.Shermer") and Dr. Thomas Wiedrich ("Dr.Wiedrich") and to further bar the testimony of any other undisclosed witnesses. Specifically, defendant claims that Dr. Shermer and Dr. Wiedrich were not disclosed during the course of discovery and were not disclosed as expert witnesses pursuant to this court's order entered on September 9, 1999. Further, defendant argues it was not made aware that plaintiff intended to call either doctor until plaintiff listed them in the Joint Pre-trial Order. Plaintiff counters that these witnesses were treating doctors whose identities were known to defendant.

First, although Dr. Shermer was not listed as a witness for plaintiff prior to the filing of the Joint Pre-trial Order, defendants should have been aware of his identity. Not only did defendant receive Dr. Shermer's medical report, but plaintiff identified Dr. Shermer as his surgeon during his deposition on April 6, 1999. Further, Dr. Wiedrich's identity should have been known to defendant because plaintiff also produced Dr. Wiedrich's report during the course of discovery. Defendant, therefore, should have been aware of both doctor's identities before the close of discovery and was, consequently, on notice. *See Janopoulos v. Harvey L. Walner & Assocs., Ltd.*, No. 93 C 5176, 1994 WL 127267, at *1 (N.D.Ill. Apr.13, 1994). However, because plaintiff did not identify either doctor as a witness—despite defendant's discovery request asking for a list of all medical witnesses—the court will re-open discovery for thirty days for the limited purpose of deposing Dr. Shermer and Dr. Wiedrich. Thus, defendant has until July 24, 2000 to depose Dr. Shermer and Dr. Wiedrich.

■ Second, both plaintiff and defendant refer to plaintiff's Rule 26(a)(2)(A) disclosure of trial witnesses. Federal Rule of Civil Procedure 26(a)(2)(A) governs ex-

pert witnesses—not fact or lay witnesses that will be called at trial. Dr. Shermer and Dr. Wiedrich will not be permitted to testify as experts under Rule 26(a)(2) because (1) neither doctor prepared an expert report as required by Rule 26(a)(2)(B) and (2) neither doctor was designated as an expert by plaintiff. *See* FED.R.CIV.P. 37(c) (permitting the court to exclude expert witnesses not properly disclosed under Rule 26(a)).

■ However, it appears that Dr. Shermer was plaintiff's treating physician. Therefore, Dr. Shermer is permitted to testify without having been disclosed as an expert under Rule 26(a)(2). *See Richardson v. Consol. Rail Corp.*, 17 F.3d 213, 218 (7th Cir.1994) (holding that a treating physician is not an expert and, thus, is exempt from Rule 26 disclosure). However, Dr. Shermer's testimony is limited to observations made during the course of treating plaintiff and to matters within his personal knowledge. *Id.* (limiting a treating physician's testimony to observations based on treatment of the plaintiff and the physician's personal knowledge).

■ Next, plaintiff claims that Dr. Wiedrich was an examining witness. Although he does not seem to be a treating physician, it appears from his report that Dr. Wiedrich did examine plaintiff following his injury as an independent medical examiner, apparently for an insurance carrier. Thus, Dr. Wiedrich is able to testify but his testimony is limited to the physical condition of plaintiff at the time he examined plaintiff and to his observations made while treating plaintiff. *Id.; see also Schoolman v. UARCO, Inc.*, No. 94 C 5598, 1999 WL 47124, at *3 (N.D.Ill. Jan.20, 1999) (holding that a physician not disclosed as an expert can testify in a limited capacity regarding the physical condition of the plaintiff).

In sum, both Dr. Shermer and Dr. Wiedrich will be allowed to testify. Accordingly, the court denies defendant's motion *in limine* #2. Objections to other witnesses not named in the Joint Pre–Trial Order may be made at trial.

### 3. *Defendant's Motion in Limine #3*

Defendant seeks to exclude any evidence relating to plaintiff's future lost earnings. In support of its motion, defendant claims that plaintiff has failed to produce any evidence which would establish—with reasonable certainty—that plaintiff will incur future lost profits. Plaintiff, on the other hand, claims that future lost profits would not be speculative because plaintiff has an earnings history before and after the injury and because plaintiff himself said that he is "borderline" on the physical duties required of him in his job as a firefighter and that he may require more surgery. Until trial, the court cannot determine whether plaintiff will be able to establish, with reasonable certainty, some evidence of future lost earnings. *See Brown v. Chicago & N.W. Transp. Co.*, 516 N.E.2d 320, 327–28 (1987) (holding that future damages must be established with reasonable certainty); *see also Mikus v. Norfolk & Western Railway Co.*, 312 Ill.App.3d 11, 244 Ill.Dec. 499, 726 N.E.2d 95, 112 (2000) (holding that plaintiff need only show "some" evidence—established with reasonable certainty—of future damages). Thus, the court cannot exclude any evidence of testimony regarding future lost earnings at this time.[2] Accordingly, the court denies defendant's motion *in limine* #3. However, defendant is not precluded from

---

**2.** Defendant argues that any testimony regarding future lost earnings would be based on speculation, as evidenced by that facts that (1) plaintiff was able to continue working in the same job for nearly two years following the accident; (2) plaintiff is now working with the Chicago Fire Department; (3) during the course of his training with the CFD, plaintiff had to go through training which included physical examinations; and (4) plaintiff passed all of those tests. While defendant is free to cross-examine plaintiff on all those facts, those facts do not preclude plaintiff from offering other evidence which may establish future lost earnings.

raising appropriate objections at the time of trial.

#### 4. *Defendant's Motion in Limine # 4*

 Defendant seeks to exclude any evidence relating to plaintiff's future pain and suffering. In support of its motion, defendant argues that plaintiff is unable to satisfy Illinois' standard for proving future pain and suffering. The standard for proving future pain and suffering in Illinois is by expert medical testimony or by an objective determination from the nature of the injury. *See Maddox v. Rozek*, 265 Ill.App.3d 1007, 203 Ill. Dec. 125, 639 N.E.2d 164, 166–67 (1994). In his response to defendant's motion *in limine*, plaintiff claims that he can satisfy this burden through plaintiff's own testimony regarding the nature of his injury and the loss in strength in his hand following the injury.[3] Until trial, the court cannot determine whether plaintiff will be able to satisfy the burden of establishing future pain and suffering from his testimony regarding the objective nature of his injury. Thus, the court cannot exclude any testimony regarding future pain and suffering at this time. Accordingly, the court denies defendant's motion *in limine # 4*. However, defendant is not precluded from raising appropriate objections at the time of trial.

#### 5. *Defendant's Motion in Limine # 5*

 Defendant seeks to exclude any evidence relating to plaintiff's future medical expenses. In support of its motion, defendant argues that, because plaintiff has failed to designate a medical expert who could testify to plaintiff's alleged need for future medical procedures, he cannot satisfy his burden of establishing—with reasonable certainty—the need for future medical services. Plaintiff, on the other hand, argues that this motion is premature and asks this court to reserve ruling on the motion until trial.

 In his response to defendant's motion *in limine # 5*, plaintiff cites to (1) Dr. Wiedrich's report and (2) plaintiff's own testimony that he would have more surgery if the need arose and he had the funds. (Pl.Resp.Br. at 1.) Whether plaintiff would elect to take part in additional medical procedures is irrelevant in establishing a need for such services with reasonable certainty. However, Dr. Wiedrich's report states that certain procedures "may be necessary in the future."[4] (*Id.* Ex. A.) Thus, Dr. Wiedrich may be able to testify, with a reasonable degree of medical certainty, to plaintiff's need for future medical services. *See Brown*, 114 Ill.Dec. 165, 516 N.E.2d at 327–28. Until trial, the court cannot determine that plaintiff will be unable to establish some evidence of the need for future medical services. *See Mikus*, 244 Ill.Dec. 499, 726 N.E.2d at 112. Accordingly, the court denies defendant's motion *in limine # 5*. However, defendant is not precluded from raising appropriate objections at the time of trial.

#### CONCLUSION

For the foregoing reasons, the court grants in part and denies in part plaintiff's motion *in limine*. Further, the court denies defendant's motions *in limine*.

1. Plaintiff's motion *in limine* is granted with respect to paragraphs # 1–11, and 13–14.

2. Plaintiff's motion *in limine* is denied with respect to paragraph # 12.

---

**3.** Defendant, on the contrary, argues that plaintiff's own testimony regarding his ability to work as a Chicago fire fighter negates any pain and suffering. Again, such evidence could be used by defendant during its cross-examination of plaintiff to discredit any claim for pain and suffering, but does not preclude plaintiff from offering such evidence. A person can engage in employment and also incur pain and suffering during that employment. One does not exclude the other.

**4.** Because Dr. Wiedrich was not designated as an expert by plaintiff pursuant to Federal Rule of Civil Procedure 26(a)(2), he cannot testify to anything outside of the scope of his examination of plaintiff. *See infra* Sect. B.2.

3. Defendant's motion *in limine* # 1 is denied.

4. Defendant's motion *in limine* # 2 is denied.

5. Defendant's motion *in limine* # 3 is denied.

6. Defendant's motion *in limine* # 4 is denied.

7. Defendant's motion *in limine* # 5 is denied.